IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS | : | Civil Action No. 303CV369 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UST INC. and MARK ULIASZ, | : | |
| | : | |
| Defendants. | : | January 22, 2004 |

**MOTION FOR PROTECTIVE ORDER, TO MODIFY SCHEDULING
DEADLINES, AND FOR ATTORNEYS' FEES AND COSTS**

**PLEASE TAKE NOTICE THAT,** pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(4), the Defendants, UST, Inc. ("UST") and Mark Uliasz ("Uliasz") (collectively "Defendants"), hereby respectfully request that this honorable Court: (1) enter a Protective Order in this matter suspending all discovery and the deadline for filing dispositive motions until such time as it renders a ruling on Plaintiff's Motion to Amend Complaint dated January 14, 2004; (2) preclude the depositions of any UST employees from proceeding as noticed and/or scheduled until such ruling is rendered; (3) award Defendants the attorneys' fees and costs incurred with respect to the filing of this motion; and (4) award Defendants such other and further relief as it deems just, equitable proper.  Defendants' Memorandum of Law has been submitted herewith in support of this motion.

As more fully set forth in the accompanying Memorandum of Law, Defendants' request for a protective order and sanctions should be granted because Plaintiff's Motion to Amend the

operative Complaint, filed just <u>seven weeks</u> before the close of discovery to add a claim for alleged violation of the Family and Medical Leave Act ("FMLA"), not only severely prejudices the Defendants, but also imposes unnecessary and undue burden and expense upon them.[1] Moreover, the inexcusable, inexplicable and bad faith delay in filing the Motion to Amend, combined with Plaintiff's silence with respect to her intent to amend the complaint during <u>many</u> discovery related discussions, was clearly designed to mislead the Defendants to their detriment. Finally, Defendants contend that they should not be forced to continue with discovery, including the depositions of material fact witnesses currently scheduled to proceed on January 23, January 28, and February 6, 2004, until the Court rules on whether the additional cause of action will be permitted. Indeed, the Defendants are entitled to know the full gambit of all claims which are in the litigation before they are forced to continue to prepare and present additional witnesses with the possibility left open that a new claim may be permitted.

The primary bases for this motion and request for sanctions are as follows:

1. Discovery in this action commenced in or about April 2003, more than nine (9) months ago. The discovery plan approved and "so ordered" by the Court provides that any amendments to the Complaint were to be filed by **June 30, 2003**. The underlying assertions which establish Plaintiff's egregious delay and bad faith in attempting to amend the operative Complaint now have been set forth in detail in the Defendants' Memorandum of Law in

---

[1] *It should be noted that but for <u>Defendants'</u> Motion for Extension of Time dated January 12, 2004, filed without any knowledge of Plaintiff's intent to amend the pleadings, Plaintiff's Motion to Amend would actually have been filed just less than <u>three</u> weeks prior to the scheduled close of discovery.*

Opposition to Plaintiff's Motion to Amend Complaint, dated the same date as this Motion for Protective Order.

2. Two prior requests for additional time to complete fact discovery have been made in this matter. The first, dated November 13, 2003, was a joint request of the parties which was granted by this Court extending discovery through February 2, 2004. Thereafter, on January 12, 2004, Defendants moved for an additional thirty (30) days, or through March 3, 2004, to complete discovery; such request was also granted by this Court.[2] Noteworthy, one of the subject depositions scheduled was cancelled <u>several</u> times at Plaintiff's request. Despite protracted discussions with all counsel of record in this matter concerning extension requests, as well as numerous other discovery related issues, Plaintiff's counsel <u>never</u> once mentioned the possibility of attempting to amend the complaint.

3. In fact, as recently as January 12, 2004, just two days prior to the filing of the Motion to Amend, undersigned counsel inquired of Plaintiff's counsel as to Plaintiff's position regarding the filing of the Motion for Extension of Time. At no time during those discussions did Plaintiff's counsel ever suggest or indicate in any way that Plaintiff was about to file a proposed Amended Complaint in the following day or two.

4. Indeed, Plaintiff never sought from the Court permission to modify the deadlines set in the operative Rule 26(f) discovery plan, nor had she ever before ascertained Defendants'

---

[2] *Had Plaintiff been forthright about her intentions, Defendants would not have wasted time and money in filing the January 12, 2004, Motion for Extension of Time and, instead, would have promptly proceeded with the instant motion.*

3

ST:27613v1

position with respect to such motion prior to service of the Motion to Amend and proposed Amended Complaint.

5. Since the inception of this action, Defendants have framed their entire legal and discovery strategy around the claims set forth in Plaintiff's complaint. More specifically, the nature and extent of the written discovery requests, the questioning of the Plaintiff during her deposition, the extent and nature of preparation and cross examination of witnesses and other strategic decisions have been based in whole or in large part on the specific causes of action asserted therein. However, it is clear that if the new cause of action is added, at a minimum, discovery will need to be reopened and extended. Moreover, and critically important, the Plaintiff's deposition needs to be reopened and the specifics of her new claim elicited before Defendants should be compelled to produce any additional witnesses. For obvious reasons, Defendants should be entitled to flesh out the specifics underlying Plaintiff's FMLA claim before being compelled to produce additional witnesses.

6. Likewise, the scope of a potential motion for summary judgment will be directly impacted. The current new deadline of April 5, 2004, for the filing of dispositive motions clearly cannot be met; again, the additional claim proposed by Plaintiff will necessitate that discovery be reopened; e.g., depositions must be reopened for additional cross-examination, additional document requests propounded, etc. Consequently, the summary judgment deadline should likewise be extended.

ST:27613v1

7. In her Motion to Amend, Plaintiff concedes that "the same core facts presented in the original [complaint]" support the new cause of action. This admission alone should establish the lack of "good cause" for her failure to add that claim earlier in the litigation. Nevertheless, even if this admission does not suffice to defect the attempt to amend at this stage, it is also clear that Plaintiff has failed to proffer any additional bases to establish such "good cause." Discovery is nearly complete, yet Plaintiff has permitted Defendants to expend substantial time and money without ever mentioning the possibility of adding a new claim. This prejudice is exactly the type of prejudice scheduling orders and/or discovery plans are designed to avoid.

8. Plaintiff has thereby failed to present any legally cognizable basis for this egregiously untimely attempt to amend the complaint. Plaintiff has, by her conduct, acted in bad faith and has misled the Defendants during discovery in this case, all to their detriment. As a result, these proceedings will be unnecessarily and unreasonably multiplied, and Defendants are now compelled to seek relief from this Court by way of protective order and suspension of the deadlines currently in place for completion of all discovery, and for the filing of dispositive motions.

9. The undersigned hereby certify that they have conferred with Plaintiff's counsel in an effort to resolve this dispute without Court action and believe any further communications would not be fruitful. An Affidavit detailing these good faith efforts has been submitted herewith.

ST:27613v1

**WHEREFORE**, Defendants respectfully request that this Court enter a Protective Order suspending all discovery, modifying the deadlines for completion of such discovery and correspondingly extending the deadline for the filing dispositive motions, until such time as it renders a ruling on Plaintiff's Motion to Amend Complaint. Defendants further respectfully request that based on Plaintiff's egregious delay in seeking this amendment, this Court award Defendants additional relief it deems just, equitable and proper, including, but not limited to the costs and attorneys' fees incurred in connection with the filing of this Motion.

        EPSTEIN BECKER & GREEN, P.C.
        Attorneys for Defendants

        By: _/s/ Mary A. Gambardella_
        Mary A. Gambardella
        Federal Bar No. ct05386
        One Landmark Square, Suite 1800
        Stamford, CT 06901-2681
        (203) 348-3737

        – and –

        Steven J. Younes, Esq.
        Federal Bar No. ct12408
        One Landmark Square, Suite 1800
        Stamford, CT 06901-2681
        (203) 348-3737

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing *Motion for Protective Order, To Modify Scheduling Deadlines, and for Attorneys' Fees and Costs* was sent via facsimile and first class mail, postage prepaid, this 22nd day of January, 2004 to counsel of record as follows:

> Scott R. Lucas, Esq.
> Martin, Lucas & Chioffi, LLP
> 177 Broad Street
> Stamford, CT  06901

_____
Steven J. Younes