IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN B. KANIOS | : Civil Action No. 303CV369 (DJS) |
| Plaintiff, | : |
| vs. | : |
| UST INC. and MARK ULIASZ, | : |
| Defendants. | : January 22, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER, TO MODIFY SCHEDULING
DEADLINES, AND FOR ATTORNEYS' FEES AND COSTS**

The Defendants, UST, Inc. ("UST") and Mark Uliasz ("Uliasz") (collectively "Defendants"), hereby respectfully submit this Memorandum of Law in Support of their Motion for Protective Order, to Modify Scheduling Deadlines and for Attorneys' Fees and Costs filed pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(4). For the reasons set forth in the accompanying motion and for those more fully outlined below, Defendants submit that all discovery in this matter, including but not limited to the depositions scheduled for January 23, January 28 and February 6, 2004, along with the deadline for filing dispositive motions, should be suspended until such time as this Court renders a ruling on Plaintiff's Motion to Amend Complaint. Defendants' opposition to such motion has been served on even date with this Motion.

Moreover, it is further respectfully contended that in view of Plaintiff's intentional, inexplicable, inexcusable and bad faith delay in attempting to assert a new cause of action just

<u>seven</u> <u>weeks</u> prior to the close of discovery and the egregious prejudice imposed upon Defendants as a result thereof, an award of the attorneys' fees and costs incurred by Defendants as a result of having to file this Motion is warranted.

## I.   STATEMENT OF FACTS

The Court is respectfully referred to the Motion wherein the specific factual bases for the Defendants' requests have been set forth in detail.

## II.   ARGUMENT

### A.   There is "Good Cause" to Support the Issuance of a Protective Order

Fed. R. Civ. P. 26(c) provides, in relevant part, that on the motion of any party from whom discovery is sought, the Court may, with good cause, enter an order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including "(1) that the...discovery not be had; [or] (2) that the...discovery be had only on specified terms and conditions, including a designation of the time..."

A review of the facts and circumstances herein blatantly reveals there is good cause to support the issuance of a protective order suspending all discovery and the deadline for filing dispositive motions in this matter pending the Court's ruling on Plaintiff's Motion to Amend the Complaint to add a new cause of action. Undoubtedly, allowing discovery to continue while Plaintiff's request to amend and Defendants' opposition thereto are pending will unduly burden and prejudice the Defendants and cause them to incur additional undue expense. More specifically, Defendants are entitled to know the full gambit of all claims and potential

2

affirmative defenses before being compelled to continue with any remaining discovery. Moreover, Defendants should be entitled to reopen Plaintiff's deposition to elicit testimony probative of the new cause of action before being required to produce any additional defense witnesses.

Courts have recognized and exercised their discretion to enter protective orders with respect to discovery and discovery deadlines. See, e.g., American Booksellers Assoc., Inc. v. Houghton Mifflin Co., 1995 U.S. Dist. LEXIS 2044 (S.D.N.Y. 1995); Gandler v. Nazarov, 1994 U.S. Dist. LEXIS 17885 (S.D.N.Y. 1994); cf. Triad Associates, Inc. v. Chicago Housing Authority, 1991 U.S. Dist. LEXIS 10204 (N.D. Ill. 1991)(stay of discovery and stay on pending motion to dismiss ordered pending resolution of motion to file amended complaint). In this action, as in every litigation, strategic decisions concerning which documents to request; the extent and nature of preparation and cross examination of witnesses; whom to depose; and the overall conduct of deposition questioning with a view toward a potential motion for summary judgment, are directly dependent upon the specific allegations contained in the complaint and the causes of action asserted therein. Undoubtedly, the substantial and costly discovery already completed in this matter will inevitably be compromised if Plaintiff is permitted to amend her complaint at this late stage in the proceedings. Indeed, if the Court permits Plaintiff to amend, Defendants will incur the expense of having to, at a minimum, reopen Plaintiff's deposition, re-serve supplemental written discovery requests, etc. Consequently, allowing Plaintiff to continue

to proceed with even more discovery while the Court considers whether leave to amend should be granted, will only compound the burden and expense already imposed upon the Defendants.

For example, the depositions of Richard Kohlberger and Karen Thorman, senior executives of UST, have been noticed for January 28, 2004. These individuals have cleared their schedules to accommodate such depositions and decisions concerning the scope of preparation and cross examination have been made with the specific allegations of the operative Complaint in mind, all at great expense to Defendants in terms of time, money and effort. It would clearly be counterproductive, prejudicial and an unnecessary expenditure of time and money to proceed with their depositions only to expose them to potential additional questioning if a new cause of action is later permitted. Moreover, in the alternative, it would be unduly prejudicial to compel Defendants to prepare Mr. Kohlberger and Ms. Thorman for deposition with the presumption that the new cause of action might be permitted, as it is likely Plaintiff will conduct these depositions as if the claim has already been added. Similarly, the deposition of Mark Uliasz, himself a **named party** to this action, is scheduled for February 6, 2004. Mr. Uliasz should not have to be deposed without knowing the full gambit of the allegations lodged in any Complaint filed against him. Likewise, Mr. Tim Howard, a former and retired employee of UST, is scheduled to be deposed on January 23rd. Mr. Howard has, too, cleared his schedule for the deposition. However, to require him to return again for a second day of deposition if an amendment is permitted poses an undue hardship upon him and additional, unnecessary prejudice and expense upon Defendants. The prejudice imposed upon the Defendants is

4

underscored by the fact that the proposed FMLA claim involves new facts and evidence which are not necessarily duplicative of facts and evidence already subject to exploration by virtue of the original Complaint, as well as new burdens of proof. By way of example only, it is not unforeseeable that Plaintiff would ask questions about prior employee leaves, reasons for the leaves, facts surrounding employees' return to work, etc. Simply stated, continuing discovery in the face of Plaintiff's inexcusable and unjustified delay in requesting leave to amend will only add to the list of discovery proceedings that will have to be reopened at the undue expense and burden to Defendants if that leave is actually granted. Thus, it is respectfully submitted that Defendants should not have to proceed with any remaining discovery until such time as the scope of the Complaint has been fully determined.

It is likewise contended that Plaintiff's "eleventh hour" request for leave to amend requires the suspension of the deadline of April 5, 2004, currently set for the filing of dispositive motions. Arguments for purposes of a motion for summary judgment have already been and continue to be formulated in view of the specific contents of the operative Complaint and discovery already completed. Obviously, the Defendants have not taken any discovery on the new claim so as to lodge an adequate defense, or to bolster arguments which can be raised at the summary judgment stage. Consequently, the Defendants would be severely prejudiced if the deadline for the filing of a dispositive motion is not correspondingly extended.

Accordingly, it is respectfully requested that a Protective Order issue suspending all discovery, including any depositions noticed and/or otherwise scheduled, and extending the

deadline for filing of dispositive motions accordingly, until such time as the Court has ruled upon Plaintiff's Motion to Amend Complaint.

**B.     Defendants Are Entitled to An Award of Attorneys' Fees and Costs**

Plaintiff's intentional, inexcusable and bad faith delay in filing her Motion to Amend and the resulting prejudice to the Defendants warrants the imposition of sanctions. Simply stated, the burden of responding to her delay in attempting to amend the complaint should not be borne by the Defendants, but by the Plaintiff herself. See, e.g., Apex Oil Co., v. Belcher Co. of New York, 855 F.2d 1009 (2d Cir. 1988) (pursuant to 28 U.S.C. § 1927, court may award sanctions against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously…" including discovery abuses)(quoting Roadway Express v. Piper, 447 U.S. 752 (1980)); Lipsig v. National Student Marketing Corp., 663 F.2d 178, 181 (D.C. Cir. 1980) (where court recognized that advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort warrants recompense therefor). Clearly, here, Plaintiff's counsel knew, by his own pleadings, the full range of potential claims he could have brought based on the facts known to him since the institution of this action. Yet, since then, Plaintiff has sat back while the Defendants spent numerous hours and thousands of dollars during the discovery process without ever once even mentioning the possibility that he would seek to add an additional cause of action

Moreover, as noted above, Defendants have already commenced working on formulating their arguments to have been presented in a motion for summary judgment, which is currently

due on April 5, 2004. In short, Plaintiff has flouted the applicable order setting the deadline to amend the Complaint, as well as the numerous opportunities presented wherein she could raise the subject of potential amendments. Yet, Plaintiff unilaterally opted to wait until seven weeks before the expiration of the already twice extended discovery deadline to do so. As a result, these proceedings will be unnecessarily and unreasonably multiplied. Such conduct should not be condoned, nor should it operate to the additional prejudice of the Defendants by compelling them to expend significant fees in countering this conduct. In retrospect, Plaintiff's counsel's prior silence underscores his bad faith in trying to reopen this action now. Under these circumstances, the costs and attorneys' fees incurred as a result of Plaintiff's conduct should be shouldered by the Plaintiff, and not by the Defendants. Id. See also Fed. R. Civ. Proc. 37(a)(4).

Defendants further respectfully request that in the event an award of fees and costs is rendered, they be permitted to submit an appropriate itemization and affidavit of counsel at that time.

ST:27619v1

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant this Motion in all respects, including ordering an award in their favor of their attorneys' fees and costs incurred in connection with the filing of this Motion.

> EPSTEIN BECKER & GREEN, P.C.
> Attorneys for Defendants
>
> By: _/s/ Mary A. Gambardella_
> Mary A. Gambardella
> Federal Bar No. ct05386
> One Landmark Square, Suite 1800
> Stamford, CT 06901-2601
> (203) 348-3737
>
> – and –
>
> Steven J. Younes, Esq.
> Federal Bar No. ct12408
> One Landmark Square, Suite 1800
> Stamford, CT 06901-2681
> (203) 348-3737

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing *Memorandum of Law in Support of Defendants' Motion for Protective Order, To Modify Scheduling Deadlines, and for Attorneys' Fees and Costs* was sent via facsimile and first class mail, postage prepaid, this 22nd day of January, 2004 to counsel of record as follows:

>Scott R. Lucas, Esq.
>Martin, Lucas & Chioffi, LLP
>177 Broad Street
>Stamford, CT  06901

_____
Steven J. Younes