IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS | : | Civil Action No. 303CV369 (DJS) |
| Plaintiff, | : | |
| vs. | : | |
| UST INC. and MARK ULIASZ, | : | |
| Defendants. | : | January 22, 2004 |

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION FOR
PROTECTIVE ORDER, TO MODIFY SCHEDULING DEADLINES,
AND FOR ATTORNEYS' FEES AND COSTS**

STATE OF CONNECTICUT   )
                        ) ss: Stamford, CT
COUNTY OF FAIRFIELD    )

The undersigned, having been duly sworn, hereby deposes and says:

1.   I am a member of the firm of Epstein Becker & Green, P.C., attorneys of record for the Defendants, UST, Inc. ("UST") and Mark Uliasz ("Uliasz") (collectively "Defendants"). I make this statement based on my personal knowledge of the facts and circumstances set forth herein, in the Defendants' Motion for Protective Order, to Modify Scheduling Deadlines and for Attorneys' Fees and Costs and in the accompanying Memorandum of Law submitted in support thereof. Based on those reasons set forth below and in that Motion and Memorandum of Law, the undersigned certifies that counsel for Defendants have attempted to resolve in good faith the issues presented with Plaintiff's counsel before seeking intervention by this honorable Court.

2.     Specifically, after learning that Plaintiff filed a Motion to Amend Complaint, the undersigned wrote to Plaintiff's counsel on January 20, 2004, advising him that Defendants would be filing an objection to such Motion along with a Motion for Protective Order seeking to preclude any further discovery until such time as the Court renders a ruling on the proposed amendment. Moreover, the undersigned articulated the bases for such a motion including the nature of the prejudice which would inevitably be imposed upon Defendants if discovery were to proceed with Plaintiff's Motion to Amend pending.

3.     Plaintiff's counsel responded by way of letter dated January 20th. In that letter, Plaintiff's counsel, among other things, urged Defendants to reconsider their position as he believed it was without authority as Plaintiff's proposed amendment added no new factual allegations.

4.     The following day, the undersigned responded to Plaintiff's counsel via e-mail. In this January 21, 2003, e-mail communication, the undersigned again articulated Defendants' position with respect to proceeding with discovery and the scheduled depositions in light of the pending Motion to Amend and the precarious position in which Defendants were placed as a consequence thereof. Specifically, among other things, the undersigned again advised Plaintiff's counsel of the prejudice that would inevitably be imposed if the depositions were to proceed prior to the Motion to Amend being resolved. Moreover, the undersigned questioned the motivation of Plaintiff's counsel in failing to advise Defendants of Plaintiff's intent to amend, particularly in discussions regarding extending the discovery deadline that took place within just

ST:27640v1

days prior to the filing of the Motion to Amend. Notwithstanding the position articulated, the undersigned did offer Plaintiff's counsel a compromise under which the depositions scheduled could proceed as planned if he represented that: (1) he would not ask any questions of the witnesses probative of only the FMLA claim, and (2) that in the event the motion to amend was granted, he would not seek to reopen the depositions taken to ask such questions.

5. In a responsive e-mail communication on the same date, Plaintiff's counsel advised the undersigned among other things, that unless Defendants were prepared to proceed with the depositions without <u>any</u> limitations, he would simply await our objection to the Motion to Amend and our Motion for Protective Order and let the Court determine the propriety of the parties' respective positions. Absent was any indication that any other compromise was possible or being proposed.

6. In response, counsel for Defendants again e-mailed Plaintiff's counsel and, among other things, reiterated Defendants' position with respect to not proceeding with discovery pending ruling on the motion to amend and the prejudice which will inevitably be imposed upon Defendants as a result thereof. Defendants' counsel further urged Plaintiff's counsel to review relevant caselaw and the appropriate standard governing his request to amend the pleadings at this stage in the proceedings in an attempt to provide him with some appreciation of Defendants' position.

7. Plaintiff's counsel did not respond to the last e-mail communication.

ST:27640v1

8.  The undersigned hereby represents that any further communications with Plaintiff's counsel regarding the issues presented by the Motion for Protective Order would not be fruitful.

_____
Steven J. Younes

The foregoing was subscribed and sworn to before me this 22nd day of January, 2004.

_____
COMMISSIONER OF THE SUPERIOR COURT

ST:27640v1

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via facsimile and first class mail, postage prepaid, this 22nd day of January, 2004 to counsel of record as follows:

        Scott R. Lucas, Esq.
        Martin, Lucas & Chioffi, LLP
        177 Broad Street
        Stamford, CT  06901

_____
Steven J. Younes

ST:27640v1