FILED

2004 JAN 23  A 10: 36

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS, | : | Civil Action No. 3:03CV369 (DJS) |
| Plaintiff, | : | |
| vs. | : | |
| UST, INC. and MARK ULIASZ, | : | |
| Defendants. | : | JANUARY 22, 2004 |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND REQUEST FOR SANCTIONS

**PLEASE TAKE NOTICE THAT** the Defendants, UST, Inc. ("UST") and Mark Uliasz ("Uliasz") (collectively "Defendants") hereby respectfully submit their Memorandum of Law in opposition to the Plaintiff's Motion to Amend Complaint to add a cause of action alleging violation of the Family Medical Leave Act 29 U.S.C. § 2601, et seq. ("FMLA"). Specifically, based on those reasons set forth below, Defendants assert that the grant of leave to amend is unwarranted and inappropriate given Plaintiff's inexcusable delay in requesting it, the failure to establish the requisite "good cause," the demonstrated bad faith and the egregious prejudice that will inevitably result to all Defendants as a result thereof.

Moreover, based on Plaintiff's inexplicable, intentional and bad faith delay in attempting to raise this new claim less than two months before the close of the already twice extended discovery deadline, it is further asserted that sanctions by way of an award of fees and costs to Defendants in having to oppose the Motion are warranted.

The bases for this objection and request for sanctions are as follows:

1. Discovery in this action commenced in April, 2003, more than nine (9) months ago. ***The discovery plan "so ordered" by the Court provides that any amendments to the Complaint must have been filed by June 30, 2003.*** This date has never been extended, nor has Plaintiff ever even indicated she would attempt to do so.

2. Written discovery was first served by Defendants on May 7, 2003, and by Plaintiff on June 12, 2003. Extensive communications regarding open discovery disputes have been ongoing. During these discussions, Plaintiff never suggested or indicated in any way that she might attempt to add an additional cause of action or was even contemplating adding a cause of action to the complaint.

3. Contrary to the suggestions made in the Motion to Amend, no new information was revealed which gave rise to a purported FMLA claim. Indeed, contradicting herself, Plaintiff concedes that the FMLA claim she now seeks to assert is premised on "the same core facts" as are the allegations of the original complaint. In a transparent attempt to justify her flagrant disregard for the Court imposed amendment deadline and for her failure to file a timely motion to amend, Plaintiff suggests that it was the Defendants' production of "essential materials" coupled with the deposition of UST's Employee Relations Director which gave rise to the FMLA claim now being propounded. Such "scapegoating" should not be permitted by this Court. As a threshold matter, we point out that not surprisingly, Plaintiff fails to state with any specificity the nature of the information produced which allegedly "crystallized" the merit of her

FMLA claim. However, even assuming as true her contention that such information purportedly solidified her decision to bring an FMLA claim, it is inconsistent with Plaintiff's own admission that the FMLA claim is based on the <u>same</u> core facts; as she represents in her own Motion: "the claim plaintiff seeks to add arises out of the conduct, transactions and occurrences set forth in the original Complaint." Notwithstanding this inconsistency in Plaintiff's position, it is also critical to point out for purposes of this Opposition that the "essential materials" consisted of nothing more than the notes taken by Nella Viesta, UST's Employee Relations Director, during the course of the investigation commenced by the Company in response to Plaintiff's internal complaint.[1] The contention that these are "materials directly linked to Plaintiff's FMLA claim" is a complete misrepresentation of fact. Moreover, the suggestion that the deposition testimony of Ms. Viesta "crystallized" the merit of Plaintiff's FMLA claim is absurd. This is especially true given that Ms. Viesta testified specifically that <u>others</u> were directly responsible for administering UST's FMLA policy and procedures and her knowledge of such administration was minimal, at best. Bluntly stated, it is clear by a reading of the Complaint that Plaintiff could have asserted this claim at the initial filing of this action and is now only using the information recently obtained during discovery as a mask for her failure to have brought this cause of action in a timely manner. Indeed, at the initial filing of her action, Plaintiff already knew she was on an FMLA-qualified leave from UST; she already knew that her employment had been

---

[1] *These materials were produced on January 6th to Plaintiff's counsel when they were first received by Defendants' counsel. Contrary to Plaintiff's inference, these documents were not intentionally withheld, but rather inadvertently and innocently omitted from initial production. As soon as it became apparent the notes had not been previously produced, they were immediately provided to Plaintiff's counsel.*

3

ST:27615v1

terminated; and she already knew that it was terminated at the conclusion of that leave. Nothing in either the materials produced to Plaintiff on January 6th or in the testimony elicited on January 7th educated Plaintiff as to any information she did not already have or know at the commencement of this action.

4. As previously mentioned, discovery in this matter has been extended on two occasions. The most recent request was filed on January 12, 2004, a mere two days prior to the filing of Plaintiff's Motion to Amend. At no time during any discussions regarding such extensions, including the most recent one, did Plaintiff's counsel ever suggest or indicate in any way his intent to seek to amend the Complaint.

5. Defendants have prepared numerous witnesses for deposition. Indeed, defense counsel has already defended four depositions of defense witnesses. Plaintiff's deposition was taken and substantially completed on August 28, 2003. Thus, Plaintiff's allegation that "no prejudice" will result if she is permitted to add this claim (which could entitle her to reopen some depositions already completed) is not only cavalier, but disingenuous and wholly inaccurate.

6. Defendants have framed their entire discovery strategy—written discovery requests, scope of questioning of Plaintiff, preparation of witnesses and cross-examination of witnesses—on the claims set forth in the original Complaint.

7. Additionally, with respect to summary judgment, the Defendants have already been formulating questions during depositions pertinent to arguments to be raised in a motion for summary judgment, which is currently due April 5, 2004. In other words, deposition questions

4

ST:27615v1

were carefully prepared to elicit information to make these arguments in a summary judgment motion. However, with this additional claim which involves different elements and burdens of proof, discovery will need to be re-opened and the summary judgment deadline extended as well.

8. Thus, it bears repeating again that Plaintiff fails to proffer any "good cause" for her complete failure to have moved to add this claim earlier in the litigation, and, to the contrary, admits the "same conduct" asserted in the initial Complaint is involved. Further, she acknowledges that documents produced by Defendants on August 25, 2003—nearly five months ago—suggested this claim could be viable. Yet, she provides no valid reason why she waited these five months to act upon this "new evidence."[2]

9. Discovery is nearly completed, yet, Plaintiff has permitted Defendants to expend substantial time and money without ever before even mentioning the possibility of an FMLA based claim. Thus, Defendants should not need to debate the lack of justification for this eleventh hour attempt to add new claims. A plain reading of the proposed Amended Complaint makes undeniably clear that Plaintiff had set forth sufficient allegations in the initial Complaint on which to base the claim she is seeking to now add.

10. Plaintiff has thereby failed to present any legally cognizable basis for this egregiously untimely attempt to amend the Complaint. She has inexcusably delayed this attempt, and has, as a result, forced Defendants to expend more time and money in opposing this

---

[2] *Plaintiff, on page 4 of her Memorandum in Support, represents that she was asserting an "abundance of caution" and decided to wait to undertake "key depositions to solidify" this claim. As previously indicated, this representation is mere doubletalk and wholly disingenuous. Nothing more was needed to set forth the necessary allegations of such a claim.*

unwarranted, unreasonable and prejudicial effort. Plaintiff has, by her counsel's silence during numerous discussions about discovery deadlines, blatantly misled the Defendants during discovery in this case, all to their detriment. As a result, these proceedings will be unnecessarily and unreasonably multiplied. Had Plaintiff's counsel acted diligently, these issues could have been fleshed out early in the pleading stage, within the discovery plan deadline and would have been made part of the protracted and costly discovery already conducted.

11. Consequently, it is respectfully requested that this Court refuse to permit Plaintiff to benefit by her own inexcusable, patently intentional and bad faith delay in attempting to add a new cause of action, and thereby prolonging and multiplying discovery in this case. Accordingly, these Defendants respectfully urge the Court to deny her request to amend the Complaint and to award Defendants their costs and reasonable attorneys' fees incurred in having to oppose her wholly unwarranted Motion.

12. In the event the Court permits any proposed amendment, Defendants respectfully request, in the alternative, that they be awarded their costs and reasonable attorneys' fees incurred in having to reopen Plaintiff's deposition; to serve and proceed upon supplemental written discovery requests; to prepare and present for deposition any defense witnesses Plaintiff may call again to give testimony probative of her FMLA claim; and in connection with any and all other additional discovery necessitated by the newly presented cause of action.

ST:27615v1

## I.   ARGUMENT

### A.   Plaintiff Applies the Incorrect Standard Which Governs Her Motion to Amend

Plaintiff asserts that Rule 15(a) of the Federal Rules of Civil Procedure governs the Court's consideration of her Motion to Amend. Specifically, Rule 15(a) provides that after an answer to a complaint has been served, the complaint may be amended "only by leave of the Court or by written consent of the adverse party . . . ." Plaintiff relies on the seemingly liberal standard for application of Rule 15(a), which provides that leave to amend a complaint shall be "given when justice so requires," within the sound discretion of the Court. See Foman v. Davis, 371 U.S. 178, 182 (1962); Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); American Home Assurance Co. v. Jacky Maeder (H.K.), 969 F. Supp. 184, 187 (S.D.N.Y. 1997).

However, in beginning and ending with Rule 15(a), the Plaintiff's analysis is patently defective. Where, as in this case, the proposed amendment is made outside of the deadline set by the discovery plan, the Court must first apply the principles established under Federal Rule of Civil Procedure 16(b). This Rule provides in pertinent part:

> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge, or when authorized by local rule, by a magistrate judge.

Thus, it should initially be emphasized that Plaintiff did ***not*** seek this Court's permission to modify the deadline set in the operative discovery plan, which established the deadline for amendments to the pleadings as June 30, 2003. In any event, it is clear that Plaintiff must make

7

ST:27615v1

an initial showing of "good cause" for the Court to accept the proposed amendment. Good cause is routinely held to be absent where the facts show, among other notable factors, lack of timeliness, undue delay, dilatory tactics and unsatisfactory explanation for the delay. See Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000), cert denied, 523 U.S. 923 (2001); Krumme, 143 F.3d at 88. ("'Good cause' means that the scheduling deadlines cannot be met despite a party's due diligence. In other words, to demonstrate 'good cause' a party must show that despite their due diligence the time table could not have been reasonably met. (citation omitted)"); Carnite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997). See also, D. Conn. Loc. R. Civ. P. 11(a)(1); Parker v. Columbia Pictures, Indus. 204 F.3d 326 (2d Cir. 2000); Julian v. Equifax Check Servs., 178 F.R.D 10 (D. Conn. 1998); Berman v. Parco, 986 F. Supp. 195, 207 (S.D.N.Y. 1997); Deere v. Goodyear Tire & Rubber Co., 175 F.R.D. 157 (N.D.N.Y. 1997). Thus, contrary to Plaintiff's assertions, the liberal standard under Fed. R. Civ. Proc. 15(a) is not the initial standard she must satisfy; instead, as the June 30, 2003, deadline for amendments has long expired, Plaintiff must first satisfy her burden of demonstrating good cause for her nine (9) month delay in asserting a cause of action where new facts have admittedly not been discovered. See Foman, 371 U.S. at 182 (court should exercise its discretion to deny the motion where any of the following factors exist; "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment"). See also, Evans v. Syracuse City Sch. Dist., 704 F.2d 44 (2d Cir. 1983); Moffitt

ST:27615v1

v. Town of Brookfield, 759 F. Supp. 94, 95 (D. Conn. 1991); Browning Debenture Holders' Committee v. Dasa Corp., 560 F.2d 1078, 1086 (2d Cir. 1977).

**B.    The Proposed Amendment Is Blatantly Untimely and Inexplicably Delayed**

Seeking leave to amend after the Court's deadline for amendments, such as the deadline established by a discovery plan pursuant to Federal Rule 26(f), in itself, has been held to constitute undue delay sufficient to warrant denial of a request to amend a complaint. See John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)(motion for leave to amend complaint rejected where plaintiff's motion was four months after the court's deadline for amendments.); Lee v. Regal Cruises, Ltd., 116 F.3d 465 (2d Cir. 1997)(reported in full at 1997 U.S. App. Lexis 13763--proposed amended complaint unduly delayed because the nature of the amendments should have been known to the plaintiff at the time of original complaint and plaintiff did not move to amend until ten months after the court-ordered cutoff date for amendments). Similarly, leave to amend has been denied "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." Grace, 228 F.3d at 54.

Consequently, Plaintiff's burden to provide a satisfactory explanation for her delay must be initially satisfied. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); Champlain Enterprises, Inc. v. United States, 945 F. Supp. 468, 475 (N.D.N.Y. 1996). More specifically, where, as in this case, a lengthy period of time has elapsed between the original complaint and the proposed amendment, Plaintiff must "show some valid reasons for his or her

neglect and delay." Champlain Enterprises, 945 F. Supp. at 475 (internal punctuation omitted). Yet, it bears repeating that Plaintiff, in her Motion, does not proffer newly discovered facts which gave rise to an FMLA claim. Indeed, Plaintiff herself states that the FMLA claim she now seeks to assert is premised upon "the same core facts" as are the allegations of the original complaint. In a transparent attempt to justify her flagrant disregard for the Court imposed amendment deadline and for her failure to file a timely motion to amend, Plaintiff suggests that it was the Defendants' recent production of "essential materials" coupled with the deposition of Ms. Viesta, which gave rise to the FMLA claim now being propounded. As previously stated, such "scapegoating" should not be permitted by this Court. As a threshold matter, we point out that not surprisingly, Plaintiff fails to state with any specificity the nature of the information produced which allegedly "crystallized" the merit of her FMLA claim. However, even assuming as true her contention that such information purportedly solidified her decision to bring a FMLA claim, it is inconsistent with Plaintiff's own admission that the FMLA claim is based on no new facts, as her own Motion specifically states "the claim plaintiff seeks to add arises out of the conduct, transactions and occurrences set forth in the original Complaint." Notwithstanding this inconsistency in Plaintiff's position, it is also critical to reiterate for purposes of this Opposition that the "essential materials" consisted of nothing more than the notes taken by Ms. Viesta during the course of the investigation commenced by the Company in response to Plaintiff's internal complaint. The contention that these are "materials directly linked to Plaintiff's FMLA claim" is a complete misrepresentation of fact. Moreover, the suggestion that the deposition

testimony of Ms. Viesta "crystallized" the merit of Plaintiff's FMLA claim is absurd. This is especially true given that Ms. Viesta testified specifically that others were directly responsible for administering UST's FMLA's policy and procedures. Bluntly stated, it is clear by a reading of the Complaint that Plaintiff could have asserted this claim at the initial filing of this action. At that time, Plaintiff already knew she was on an FMLA-qualified leave from UST; she already knew that her employment had been terminated; and she already knew that it was terminated at the conclusion of that leave. Nothing in either the materials produced to Plaintiff on January 6th or in the testimony elicited on January 7th educated Plaintiff as to any information she did not already have or know at the commencement of this action.

Thus, Plaintiff completely fails to set forth specifically what information was supposedly "discovered" which alerted her to a possible claim based on the FMLA which she did not know prior thereto. In any event, what is clear is that Plaintiff had all the information she needed to bring the subject amendment at the initial pleading stage. In trying to minimize the significant impact of a new cause of action on nearly completed discovery, Plaintiff completely fails to address the actual, serious implications of adding that new cause of action—a cause of action which will involve different facts, burdens, elements, and potential damages. In short, Plaintiff utterly fails to meet her burden of showing good cause for why this Court should permit the amendment now.

Indeed, Plaintiff has sat back while the Defendants spent hundreds of hours and tens of thousands of dollars during the discovery process without any indication of the possibility she

ST:27615v1

would seek to add the additional cause of action based on the FMLA. As previously emphasized, several motions to extend discovery deadlines have been made—again, without even a mere mention of considering a new claim. As previously emphasized, the Defendants have framed their entire strategy based on the claims in the operative Complaint. In short, Plaintiff has provided no excuse whatsoever for the egregious delay in trying to expand this action only now.

For these reasons alone, the Court should deny her Motion to Amend. As the court held in <u>Carnrite</u>, 175 F.R.D. at 448:

> counsel's 'inadvertence' or oversight is not good cause for purposes of Rule 16(b). Strict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine. But if the courts do not take seriously their own scheduling orders who will?...Failure to enforce Rule 16 would tend to subvert the important case management policy upon which the rule was based and undermine the court's ability to maintain compliance with its case management orders.

This principle is no less true in this case—Plaintiff has cavalierly flouted the various deadlines and opportunities to raise the potential amendment during the life of this case, yet unilaterally opted to wait until seven weeks before to the expiration of the already twice extended discovery deadline.[3] Such conduct should not be condoned, nor should it operate to the additional prejudice of the Defendants by compelling them to expend significant fees in countering this conduct. See also, <u>Parker</u>, 204 F.3d at 340 ("We now join these courts in holding

---

[3] *Again, it is worth noting that but for Defendants' recent Motion for Extension of Time, Plaintiff's Motion to Amend would actually have been filed a mere three weeks prior to the close of the discovery deadline.*

ST:27615v1

that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party." (citations omitted)).

In this regard, we also bring to the Court's attention the decision in <u>Bolick v. Alea Group Holdings Ltd., et al.</u>, Civil No. 3:03CV165 (PCD) (D. Conn. December 24, 2003), rendered by the Honorable Peter C. Dorsey, U.S. District Judge. It is respectfully submitted that this decision is pertinent to the issues raised herein. In addressing facts and arguments virtually identical to those presented in this matter, the Court denied Plaintiff's Motion for Leave to Amend. Specifically, in <u>Bolick</u>, Plaintiff sought to amend her complaint by adding four new causes of action seven months after her deadline for amending the complaint had passed and one month before the close of discovery. As Plaintiff does here, plaintiff in <u>Bolick</u> argued that the reason the new allegations were not initially pled was that she sought to avoid pleading "garden variety" employment claims and did not want to burden the court with an "everything but the kitchen sink" approach to pleading. However, information she obtained during the discovery process (which she claims was late in being produced) bolstered her decision to seek the proposed amendments and excused any delay in bringing the claims earlier. Plaintiff further argued that because there were no new operative facts, Defendants would not be prejudiced by the proposed amendments. <u>Id</u>.

ST:27615v1

Applying the "good cause" standard set forth in Rule 16(b), the Court rejected Plaintiff's arguments and denied the motion to amend in whole. Reviewing the proposed amendments and the nature of the alleged information obtained during the discovery process, the Court dismissed Plaintiff's contention that she could not have plead the proposed causes of action in the original Complaint. Moreover, the Court found that none of the information allegedly garnered during the discovery process, information which Plaintiff knew from the start, justified amendment at such a late stage in the proceedings. Id.

## C. The Amendments Sought Will Severely Prejudice Defendants

As stated hereinabove, only if the Plaintiff is deemed to have met her burden of showing good cause for the delay in bringing the subject new claims does Fed. R. Civ. Proc. 15(a) even come into play. Yet, even if she reaches this analysis because she is deemed to have demonstrated good cause, to satisfy Rule 15(a), Plaintiff must also demonstrate the absence of prejudice to the Defendants by the amendments sought.

The mere conclusory and thoughtless posture stated in the Motion that prejudice will not result to these Defendants is absurd, at best, as significant discovery has already been completed. Clearly, the above-described resulting prejudice to Defendants is obvious and severe, constituting an additional and significant reason to deny leave to amend. See Foman, 371 U.S. at 182; Krumme, 143 F.3d at 88. [A] proposed amendment "... [is] especially prejudicial . . . [when] discovery had already been completed." Krumme, 143 F.3d at 88 (quoting Ansam Associates v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985)). See also, Bymoen v.

14

ST:27615v1

Herzog, Heine, Geduld, Inc., 1991 WL 95387 *2 (S.D.N.Y. 1991); Barrows v. Forest Laboratories, Inc., 742 F.2d 54 (2d Cir. 1984)(fact that significant discovery had been completed may be sufficiently prejudicial to deny a motion to amend). Moreover, the longer the period of unexplained delay, the less the nonmoving party must do to show prejudice. Champlain Enterprises, 945 F. Supp. at 475; see also, Evans, 704 F.2d at 47.

Accordingly, the Motion to Amend should be denied even if the Plaintiff succeeds in establishing good cause.

**D.    An Award of Fees to Defendants is Warranted**

Plaintiff's refusal to abide by the clear deadlines set forth in the operative discovery plan, and her accompanying failure to seek prior leave of this Court to modify those deadlines, without excuse therefor, should be sanctioned. Simply stated, the burden of opposing her inexcusable delay in attempting to amend the complaint should not fall on the shoulders of the Defendants, but on the Plaintiff herself. See, e.g., Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009 (2d Cir. 1988)(pursuant to 28 U.S.C. Section 1927, court can award sanctions against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously....", including to limit "the abuse of court processes", including discovery abuses)(quoting Roadway Express v. Piper, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980)); Lipsig v. National Student Marketing Corp., 663 F.2d 178, 181 (D.C. Cir. 1980)("advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto."). As the courts held in Pacific Dunlop

15

ST:27615v1

Holdings, Inc. v. Barosh, 22 F.3d 113, 120 (7th Cir. 1994) and Burda v. M. Ecker Co., 2 F.3d 769, 778 (7th Cir. 1993), "vexatious" conduct involves either subjective or objective bad faith. Extremely negligent or reckless conduct satisfies the objective bad faith standard. Citing to 28 U.S.C. § 1927, a "callous disregard for his responsibility to meet the time deadlines imposed" by the court's rules and orders warranted an order that moving counsel personally pay fees to the nonmoving party in Julien v. Zeringue, 864 F.2d 1572 (Fed. Cir. 1989). See also Braley v. Campbell, 832 F.2d 1504, 1510-12 (10th Cir. 1987)(excess expenses and fees are imposable against an attorney for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court; the provisions of 28 U.S.C. § 1927 focus on conduct in specific litigation that imposes unreasonable and unwarranted burdens on the court and opposing parties. Additionally, Section 1927 permits a court to insist that the attorney bear the cost of his own lack of care).

  Clearly, here, Plaintiff's counsel was fully aware of the scope of claims that could have brought based on the facts already known to Plaintiff since the institution of this action. Yet, Plaintiff stood idly by while costly and protracted discovery was underway, including protracted discussions concerning extensions of time sought. Plaintiff then blatantly flouted the deadlines set by the operative discovery plan and sent out a proposed Amended Complaint, adding a new cause of action without seeking prior leave of this Court, and based on facts already known to her at the commencement of this action, while callously asserting "no prejudice" will result to the Defendants. This is exactly the type of conduct the Court has the discretion to prohibit, and

ST:27615v1

exactly the type of conduct 28 U.S.C. § 1927 was designed to rectify so as not to unduly prejudice another party.

## CONCLUSION

For the foregoing reasons, the undersigned Defendants respectfully request that this Court deny the Plaintiff's Motion to Amend her Complaint in all respects, and award them fees and costs incurred in having to oppose the Motion. Again, in the alternative, it is respectfully requested that if this Court permits any amendment sought, it require Plaintiff to reimburse Defendants for their reasonable costs and attorneys' fees in having to reopen depositions, prepare again for additional cross-examination, and in connection with any other discovery which needs to be reopened as a result thereof.

In the event this Court sustains this objection, and deems an award of fees and costs to Defendants to be appropriate, it is further respectfully requested that Defendants be permitted to submit an Affidavit setting forth such fees and costs in detail.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants

By: _____
Mary A. Gambardella
Federal Bar No. ct05386
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

– and –

Steven J. Younes, Esq.
Federal Bar No. ct12408
One Landmark Square, Suite 1800
Stamford, CT 06901-2681
(203) 348-3737

ST:27615v1

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing *Memorandum of Law in Opposition to Plaintiff's Motion to Amend Complaint and Request for Sanctions* was sent via facsimile and first class mail, postage prepaid, this 22nd day of January, 2004 to counsel of record as follows:

>Scott R. Lucas, Esq.
>Martin, Lucas & Chioffi, LLP
>177 Broad Street
>Stamford, CT 06901

_____
Steven J. Younes

ST:27615v1