UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 303 CV 369 (DJS) |
| | : | |
| V. | : | |
| | : | |
| UST, INC. and MARK ULIASZ | : | |
| | : | JANUARY 29, 2004 |
| Defendants. | : | |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
AND CROSS MOTION FOR ATTORNEYS' FEES AND COSTS

PRELIMINARY STATEMENT

Plaintiff Lynn B. Kanios submits this brief in opposition to defendant's Motion for Protective Order and for Attorney's Fees and Costs dated January 22, 2004 (hereinafter "Defendants' Motion"). As more fully set forth below, defendants have unilaterally cancelled all discovery, having the effect of bringing this entire case to a complete standstill. Defendants now ask this Court's sanction of this behavior, seeking an order, after the fact, to "suspend all discovery." Defendants further ask for attorneys' fees for engaging in this conduct, claiming that by simply filing her Motion to Amend her Complaint, plaintiff engaged in "egregious" delay.

As demonstrated below, there is absolutely no basis for defendants' Motion.

## *FACTS*

Plaintiff hired the undersigned to take this case over from predecessor counsel who had represented plaintiff through the CHRO process over a period of two years. A request for right-to-sue letters was sought, and upon receipt of same, this action was immediately commenced. The causes of action asserted were those of prior counsel, as they were fully supported by the record developed during the administrative process. Discovery has now confirmed the merit of these claims and the wrongful conduct of defendants.

During discovery, it also became apparent, through records disclosed by defendants and medical professionals, as well as the testimony of defendants' Director of Human Relations, that a willful breach of the Family Medical Leave Act ("FMLA") was a by-product of the retaliatory discharge of plaintiff. This became apparent through documents eventually produced by defendants, including the actual medical records of defendants' Employee Assistance Program ("EAP") physician to which plaintiff was referred by defendants (these documents were requested by plaintiff on June 12, 2003 and not produced by defendants but were directly obtained by the physician on or about December 11, 2003), and the notes of defendants' Director of Human Relations (not produced by defendant until January 6, 2004 allegedly through oversight). The documentary evidence was buttressed by the testimony of that same Director of Human Relations taken the day after her notes were produced, January 7, 2004.[1] Moreover, the

---

[1] These documents produced on January 6, 2004 fell within the document requests of plaintiff dated June 12, 2003.

2

deposition of defendants' Director of Human Relations was originally sought in the fall of 2003 but was not scheduled by defendants until January 7, 2004.

In addition, in what plaintiff thought was a cooperative and civil effort with defendants, plaintiff has consented to no less than four motions, all sought by defendants[2], to extend the discovery deadline in this case. (See the following motions, Pleading No. 12 dated July 11, 2003, Pleading No. 14 dated August 13, 2003, Pleading No. 18 dated November 14, 2003, and Pleading No. 20 dated January 13, 2004.) Thus, there is no prejudice, as the current discovery deadline is March 3, 2004, and defendants have *yet* to complete plaintiff's deposition, despite its claim to having to "reopen" that deposition. Moreover, plaintiff is now merely seeking to add a cause of action that, by defendants' own admission, ***defendants were aware of from the inception of this litigation***. (See Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Request for Sanctions dated January 22, 2004 (hereinafter "Defendants' Memo") at 5 ("Plaintiff had set forth sufficient allegations in the initial Complaint on which to base the claim she is seeking to now add.").) Thus, while plaintiff believes she has moved as judiciously possible given the available information and the need to avoid baseless or unwarranted claims, defendants apparently contend they were on notice of these claims all along.

Moreover, plaintiff had no obligation, as implied by defendants, to disclose attorney work product by discussing with defendants the possibility of a viable FMLA claim and resulting motion to amend prior to confirming the existence of such a viable claim and seeking such

---

[2] Of the four motions for extensions of time, three were filed by defendants and the fourth was a joint motion, but it was defendants who requested the extension sought from the Court.

3

amendment. While the undersigned has attempted to cooperate with defendants' counsel, it has not been without some conflict. Indeed, differences over discovery necessitated a telephonic court conference to resolve certain discovery disputes. (See Court Entry Nos. 14 and 17 regarding a September 18, 2003 conference in which discovery disputes were discussed.)

How defendants are prejudiced or "misled" is unknown, especially since they "have framed their entire legal and discovery strategy around the claims set forth in Plaintiff's complaint," *which facts have remained identical.* Moreover, defendants have taken only two depositions, **one of plaintiff which defendants left open and did not complete**, and one of plaintiff's economic damages expert. Thus, defendants' contention that it "will incur the expense of having to, at a minimum, reopen Plaintiff's deposition" is without merit.

There is no basis for defendants' assertion it was somehow "misled" during discovery in this case. Defendants cite to no facts in support of such a characterization of plaintiff's conduct.

There is no basis for defendants' assertion of "bad faith" or intentional misconduct by plaintiff or the undersigned. Again, defendants cite to no facts in support of such a contention.

It is defendants who have acted without justification. Upon receiving plaintiff's Motion to Amend, defendants unilaterally cancelled all pending depositions. This meant canceling four depositions which had been scheduled for over a month, including one scheduled for that very week. This conduct by defendants is outlined in the letter from defendants' attorney to the undersigned attached hereto as Exhibit A.

The undersigned sought reconsideration of this rather outrageous position. (See letter of the undersigned to defendants' counsel attached as Exhibit B.) This led to the exchange of

4

further e-mails (see Exhibit C) in which defendants "offered" to allow the depositions to proceed, but only if the undersigned would agree that no questions relating to the FMLA claim could be asked and plaintiff would forfeit any right to ask such questions at a later date. Obviously this "proposed deal" could not be accepted, as it would unduly prejudice the plaintiff.

Finally, the three-year statute of limitations for willful violation of the FMLA does not expire until April 10, 2004. A denial of the Motion to Amend would merely lead to the filing of a second action and the possible consolidation of that action with this one. This would merely constitute a waste of time, effort and judicial resources.

As mentioned above, defendants' conduct in halting the litigation in this case should not be countenanced by this Court.

## ARGUMENT

### I. THE ISSUANCE OF A PROTECTIVE ORDER IS IMPROPER ABSENT A SHOWING OF "GOOD CAUSE."

Under the Federal Rules, a party seeking the issuance of a protective order relating to discovery must show good cause that such an order is needed to protect it from annoyance, embarrassment, oppression, or undue burden or expense. See Fed.R.Civ.P. 26(c); Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A., 2003 WL 22990099 (S.D.N.Y.) (attached as Exhibit D). The moving party must establish that good cause exists by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Application of Akron Beacon Journal, 1995 WL 234710 at *10 (S.D.N.Y.) (attached as Exhibit E).

5

### A. *Broad Allegations Of Harm, Unsubstantiated By Specific Examples, Do Not Amount To Good Cause.*

"[T]he burden is upon the party seeking nondisclosure or a protective order to show good cause." Penthouse Int'l v. Playboy Enters., 663 F.2d 371, 391 (2d Cir.1981). Defendants' affidavit and memorandum of law in support of its Motion for Protective Order do not substantiate their claimed entitlement to a protective order. Defendants cite to no particular and specific demonstration of fact or specific examples of harm to show prejudice. Such "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not amount to "good cause" sufficient to grant a protective order. H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 (D. Conn.) (Dorsey, J.) (denying protective order seeking to limit line of questioning in depositions) (attached hereto as Exhibit F).

In the instant case, defendants advance the following broad allegations in support of their motion: (1) they have been prejudiced; (2) they have been "misled"; (3) plaintiff has acted in "bad faith"; and (4) they will incur undue expense. Defendants' claims of "prejudice" and of being "misled" are insupportable, especially since they "have framed their entire legal and discovery strategy around the claims set forth in Plaintiff's complaint," *which facts remain identical to the proposed amendment.* In addition, defendants have taken only two depositions, **one of plaintiff which defendants left open and did not complete**, and one of plaintiff's economic damages expert. Thus, defendants' contention that they "will incur the expense of having to, at a minimum, reopen Plaintiff's deposition" is without merit. Moreover, as demonstrated in the "Facts" section above, there has been no bad faith by plaintiff or

6

unwarranted delay. Finally, there is also no basis for defendants' assertion of "bad faith" or intentional misconduct by plaintiff or the undersigned. Again, defendants cite to no facts in support of such contentions. Accordingly, these "bare references" cannot be used to trigger the Court's imposition of a protective order. H. Lewis Packaging, LLC, 2003 WL 22305148 at *3 (Ex. F).

### B.  Continued Discovery Does Not Constitute Undue Prejudice, Burden Or Expense.

Defendants' final argument, that continued depositions and discovery in this matter, if required by the amendment, constitute sufficient prejudice to require issuance of a protective order to avoid unspecified "great expense," is unavailing. First, while some minor additional discovery may be necessary, plaintiff has sought no "additional" discovery tailored only to her FMLA claim. Moreover, in Seth Co. Inc. v. U.S.C.I.R., 2003 WL 1874738 (D. Conn.) (Dorsey, J.) (attached as Exhibit G), the court found unpersuasive a motion for protective order seeking to deny defendant the opportunity to re-depose certain witnesses based upon the claim such depositions would constitute "annoyance, oppression,...undue burden [and] expense." Id. (Ex. G). In denying plaintiff's motion for a protective order, the court recognized that new areas of inquiry which had not been identified during the initial depositions warranted continued discovery but were hardly sufficient to constitute "good cause" for a protective order. See also Campbell v. American Fabrics Co., 3 F.R.D. 3 (E.D.N.Y. 1943) (court allowed second deposition of same parties).

In Concerned Citizens of Belle Haven v. The Belle Haven Club, 2002 WL 32124959 (D. Conn. 2002) (Nevas, J.) (attached hereto as Exhibit H), the court expressly found that

7

"Defendants' claim they have expended considerable resources defending the allegations...does not constitute prejudice warranting denial of amendment." In denying defendant's opposition to plaintiffs' motion to amend the complaint, the court in <u>Concerned Citizens</u> looked to the "course" of the litigation. <u>Id</u>. The court reasoned that because the original complaint and the proposed amended complaint alleged similar violations, and since the proposed amended complaint advanced only new theories of liability which related to discriminatory acts and practices previously claimed against defendants, defendants could not credibly claim their ability to defend their case was impaired at all, let alone show prejudice or undue expense.

In the instant action, plaintiff is now merely seeking to add a cause of action that, by defendants' own admission, is fully supported by the original Complaint. In addition, plaintiff's original Complaint and proposed amendment not only consist of identical facts, but seeks to add only one additional theory of liability relating to the discriminatory practices already claimed against defendants. Moreover, defendants have taken only two depositions, which, as noted above, were of plaintiff (which defendants left open and did not complete) and of plaintiff's economic damages expert. Thus, there is no reason to "reopen" the plaintiff's deposition and no prejudice or undue expense.

Accordingly, as in <u>Concerned Citizens</u>, defendants cannot not show their ability to defend their case to be impaired by prejudice or undue expense.

## II.    *PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS FEES AND COSTS.*

Defendants' unprecedented cancellation of all discovery effectively freezing this case is unacceptable and has resulted in delay and the filing of multiple motions and pleadings. <u>Apex</u>

Case 3:03-cv-00369-DJS    Document 29    Filed 01/30/2004    Page 9 of 10

Oil Co., v. Belcher Co. of New York, 855 F.2d 1009 (2d. Cir. 1998) (pursuant to 28 U.S.C. §1927, court may award sanctions against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously...."); see also Lipsig v. National Student Marketing Corp., 663 F.2d 178, 181 (D.C.Cir.1980) ("advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto").

Accordingly, if the sanction of costs is to be imposed, it ought be against defendants for their unprofessional and insupportable position and needless motion practice.

### *CONCLUSION*

For all of the foregoing reasons, plaintiff respectfully requests that defendants' Motion for Protective Order and for Attorney's Fees and Costs dated January 22, 2004 be denied, and that instead attorneys' fees and costs be awarded plaintiff.

By _____
Scott R. Lucas (CT00517)
Michel Bayonne (CT24628)
*Attorneys for Lynn B. Kanios*
Martin Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mbayonne@mlc-law.com

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of January 2004, the foregoing was mailed, first class, postage prepaid, to:

Steven J. Younes, Esq.
Mary A. Gambardella, Esq.
Epstein, Becker & Green, P.C.
One Landmark Square
Stamford, Connecticut 06901-2681
Phone: (203) 348-3737

_____
Scott R. Lucas

10