**Scott Lucas**

From: Mary Gambardella [MGambard@ebglaw.com]
Sent: Wednesday, January 21, 2004 12:07 PM
To: Steven Younes; Scott Lucas
Cc: Michel Bayonne
Subject: RE: Kanios

Scott: We understand how some questions go to more than one claim; but I can think of many which would not--e.g., you can start asking witnesses about prior employee leaves, reasons, returns to work, etc. etc. etc. We should simply not have to add additional subject areas to our preparation of witnesses when the claim is not yet in the case or, in the alternative, expose these witnesses to a second deposition if the claim is added. That would force additional prep time to refresh them as to prior testimony, etc., etc. etc.

With respect to Nella's testimony--we fail to see how Nella "opened your eyes" as to this claim, period. This is not a viable basis to amend so late in the game. As Plaintiff requested rescheduling of depos, and you knew these depos were scheduled a long time ago, query whether it was YOUR obligation to make sure the amendment was more timely and whether you should have made sure Defendants were not making these decisions literally days before a number of long scheduled depositions. Indeed, if I follow your logic, you could have said something the day after Nella's depo and did not--you waited another week to just dump papers on us. That was one week closer to scheduled depositions. You could even have said something when discussing yet another discovery extension with Steve--you did not--knowing that Defendants would be permitted to do additional written discovery and ask more questions of your client, which would necessiate more discovery time, and you did not think to make sure our rights were preserved. Yet, you casually claim "no prejudice". Simply astounding.

While we hesitate to educate the Plaintiff, when you do the research, you will see Rule 15 does not initially apply here as your brief contends. You have to get beyond the good cause requirement as your deadline to amend the complaint expired June 30--see Fed. Rule 16(b). Per applicable caselaw, good cause includes, at a minimum, a showing that you did not have any of the predicate facts within your knowledge to bring the amendment in a timely manner--something you already admit is not the case. This is the first hurdle before you even get to Rule 15, and Rule 15 requires that no prejudice result to Defendants--something I think Defendants can easily prove.

I strongly urge you to read the caselaw in this regard. Our opposition brief will be more than adequate on that point. Further, as Steve indicated, our objection to an attempt to amend a complaint under nearly identical circumstances was just sustained by Judge Dorsey--so be assured the law is clear and Rule 15 is not your only hurdle--not even your first hurdle. We will therefore also be requesting fees, or in the alternative, that plaintiff pay for us to reopen certain discovery if the motion to amend is granted. Thus, while you cannot agree to limit questions probative ONLY to FMLA (which is all we asked), and you cannot agree not to reopen depos, which we certainly appreciate, I do not understand why you do not see the position we are in as defendants. By your own admission, these witnesses may have knowledge pertinent to the new claim. We should not have to spend time and money preparing people for an FMLA claim not in this case, period, or expose them and UST to additional time and money for a subsequent depo.

In short, this last minute change is Plaintiff's doing, not defendants. These issues should have been anticipated by a knowledgeable and experience lawyer, such as yourself.

Thank you.
>>> "Scott Lucas" <slucas@mlc-law.com> 01/21/04 11:44AM >>>
Steve:
    The issue with your proposed compromise is that questions as to the reasons for termination are probative of all the claims including the FMLA claim. Accordingly, I do not see how you can expect me to not ask questions that would ultimately prove probative of the FMLA claim. Indeed the deposition of Nella Viesta and her notes and related documents, given when no FMLA was in the picture, produced the need for the amendment. Accordingly, under your compromise, the questions I asked of Ms. Viesta would be improper.

1

I will not agree to limit my discovery and also agree to foreclose the option of follow up as this would be prejudicial.

Next, your contention that the motion to amend is somehow improper is puzzling. Rule 15 authorizes such motions through trial and even beyond. You are not prejudiced in any way, and the idea you would "coach" your witnesses to tailor their responses to fit specific claims is not something I am willing to agree is an appropriate concern.

Accordingly, I will await your objection and motion for protective order and let the court determine the propriety of our respective positions unless you are willing to proceed with the depositions that have been scheduled for almost a month now without artificial limitations.

Scott Lucas

-----Original Message-----
From: Steven Younes [mailto:SYounes@ebglaw.com]
Sent: Wednesday, January 21, 2004 11:21 AM
To: Scott Lucas
Cc: Mary Gambardella; Michel Bayonne
Subject: Kanios

Scott:

We received your letter dated January 20th and it is clear to us that you completely fail to appreciate the precarious position in which you have placed our client by the inexcusable and inexplicable delay in seeking to amend the complaint. We (meaning all counsel of record) have had numerous discussions regarding the scheduling of depositions and related discovery issues in this matter; in fact, some of the depositions have been renoticed on several occasions at your request. At no time during any of these discussions did you suggest or indicate in any way that your were even contemplating amending the complaint. In fact, as early as two days before your motion was filed, I was inquiring as to your position with respect to our motion for extension of time to complete discovery; again, at no time was the motion to amend mentioned. Ironically, it appeared that your consent to our motion was given reluctantly which in hindsight further boggles my mind in light of the motion you obviously knew you would be filing in the next day or two. You have had months to attempt to bring the FMLA claim if you thought it appropriate to bring. Indeed, you have now on at least two occasions acknowledged that the claim is based on "no new factual allegations." Under these circumstances, it seems to us that it is your conduct that is "specious." Nevertheless, while "no new facts" are involved, you are clearly aware that many different questions can be asked of witnesses to elicit evidence probative of only this claim.

I am sure you can appreciate that a great deal of time and money is spent on meeting and prepping witnesses, formulating cross examination questions, etc., based on the claims in the complaint. We continue to maintain that UST should not be required to continue with discovery until the defendants, including Mark Uliasz whose deposition is among those at issue and who by the way is also a party, know the full gambit of the allegations being lodged. This is hardly an "obstructionist" position, Scott. In fact, we recently took the same course of action in another matter with remarkably the same set of facts where the court ultimately sustained our objection to the motion to amend.

Notwithstanding, we are willing to propose the following compromise. If you are willing to represent in writing by 4:30 today that: (1) you will not be asking any questions of any of the witnesses currently scheduled for deposition which are probative of the FMLA claim; and (2) that in the event your motion to amend is granted, you will not seek to reopen the depositions taken to ask such questions, we will proceed with the depositions as planned. Otherwise, we will have no choice but to maintain our position.

Regards,


Steven J. Younes, Esq.
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800

2

Stamford, CT  06901
(203) 326-7424
SYounes@ebglaw.com
www.ebglaw.com

****************************************************************
Confidentiality Note:  This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure.  Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited.  If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green at 212-351-4701 and destroy the original message and all copies.
****************************************************************

Mary A. Gambardella
Epstein Becker & Green, P.C.
One Landmark Square, Suite 1800
Stamford, CT  06901
(203) 348-3737
Direct (203) 326-7426
mgambard@ebglaw.com

****************************************************************
Confidentiality Note:  This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure.  Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited.  If you have received this e-mail in error, please call the Help Desk of Epstein Becker & Green at 212-351-4701 and destroy the original message and all copies.
****************************************************************