Slip Copy                                                                       Page 1
(Cite as: 2003 WL 22990099 (S.D.N.Y.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

LYONDELL-CITGO REFINING, LP, Plaintiff,
v.
PETROLEOS DE VENEZUELA, S.A. and PDVSA-Petroleo, S.A., Defendants.

No. 02 Civ. 0795(CBM).

Dec. 19, 2003.

*MEMORANDUM OPINION AND ORDER*

MOTLEY, J.

*1 Defendants Petroleos de Venezuela, S.A. ("PDVSA") and PDVSA-Petroleo, S.A. ("Petroleo") have moved, pursuant to Federal Rule of Civil Procedure 26(c) and under the provisions of an order of this court dated October 30, 2003, for a protective order barring *ex parte* contact between plaintiff and certain current and former employees of defendants, on the ground that they were likely exposed to privileged, confidential or business proprietary information or trade secrets. Plaintiff opposes defendants' motion only as regards former non-legal employees of defendants. With respect to these individuals, defendants' motion is denied.

I. THE PARTIES

Plaintiff is a limited partnership with its principal place of business in Houston, Texas, where it owns a crude oil refinery. Defendant PDVSA is the national oil company of Venezuela, and defendant Petroleo is a wholly owned subsidiary of PDVSA.

II. PRIOR PROCEEDINGS

This action was initiated by the filing of a civil suit on February 1, 2002. The complaint alleges that defendants breached contracts to supply heavy crude oil to plaintiff, and that the declaration of *force majeure* used by defendants as a justification for their reduction of supply was in fact designed to force plaintiff (and others) to buy Venezuelan crude oil on the spot market at higher prices. Plaintiff seeks damages, specific performance of the contracts, and declaratory judgment that, *inter alia*, the declaration of *force majeure* was invalid.

In an order dated October 30, 2003, the court resolved a dispute raised by the parties in their 26(f) Report, and detailed in letters to the court. In response to defendants' concerns regarding *ex parte* contacts with former employees, the court ordered the following procedure:
  A. *Ex parte* communications with former employees who may have privileged, confidential or business proprietary information or trade secrets may be prohibited on a case-by-case basis by either stipulation or court order.
  B. Notice of ten (10) business days is to be provided by a party of any proposed contact with respect to this litigation with any former employee of an opposing party, its subsidiaries or predecessors.
  C. If a timely objection is filed upon such notice, no *ex parte* contact shall be made until the issue is resolved by stipulation or court order.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

D. When initiating *ex parte* communications with any former employee not covered above, the parties agree that respective counsel will (1) identify themselves, their employers and their clients; (2) the nature of and parties to the pending action and its adversarial nature; (3) inform the potential interviewee that he or she need not speak to the interviewer, that he or she may want an attorney, and that if, during his or her employment with either of the parties, he or she ever engaged in discussion with counsel for the parties regarding this lawsuit or the circumstances from which it arose, he or she should not reveal such communications to the interviewer.

*2 On November 25, 2003, the court received a stipulation and protective order for the production and exchange of confidential information, signed by the parties, which governs the handling of discovery material "produced, given or exchanged by, among, or between the Parties and/or any non-parties," and includes the provision that "All Discovery Material ... and any documents or information derived therefrom, shall be used solely for the purpose of the Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose or for dissemination to the media or public."

Pursuant to the court's order of October 30, 2003, plaintiff informed defendants on November 6, 2003, of the names of forty-four individuals whom plaintiff wished to contact.

On November 19, 2003, defendants made a motion, and on November 26, 2003, a supplemental motion, for a protective order barring *ex parte* contact between plaintiff and a total of thirty-six of the forty-four named employees, because of the "strong likelihood that they had extensive exposure to privileged, confidential or business proprietary information, or trade secrets." The total number of individuals for whom defendants seek a prohibition on *ex parte* communications, in their motions, their reply, [FN1] and a letter to plaintiff dated December 17, 2003, [FN2] is thirty-nine. Of these, however, nine have been identified by defendants as current employees of defendants, [FN3] and one has been identified by defendants as a former legal counsel to defendants. [FN4] Since plaintiff has stipulated that it will not contact any of those persons identified by defendants as current employees or former legal counsel, we need not consider those ten individuals in this opinion. We also decline to consider the appropriateness of a ban on *ex parte* contacts with Mike Quintero, since defendants first raised his name in their reply papers, thus depriving plaintiff of the opportunity to object. Of the twenty-eight individuals remaining under consideration, five are former presidents of PDVSA, and the remainder are "other former employees" of defendants.

>     FN1. The reply adds two further names to the list of individuals with whom
>     defendants seek to prohibit *ex parte* communications. The two individuals
>     added are Alexander Cardenas and Mike Quintero.

>     FN2. The letter, which adds a further name to the list of those with whom
>     defendants seek to prohibit *ex parte* communications, reads as follows: "We
>     have recently been informed by our client, Defendant Petroleos de Venezuela,
>     S.A. ("PDVSA"), that José Gregorio Morales is currently employed by PDVSA.
>     You had previously indicated your client's desire to contact Mr. Morales *ex
>     parte* pursuant to the provisions set forth in the Court's Order of October
>     30, 2003. In light of this new information, Mr. Morales should not be
>     contacted *ex parte* because he is a current employee of Defendant."

>     FN3. These are Julian Fleszczynski, Rafael Guilliod, Nelson Martinez, Alfredo
>     Pineda, Felix M. Rodriguez, Dester Rodriguez, Luis Vierma, Alexander

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Cardenas, and José Gregorio Morales.

FN4. This is José Moreno (former Legal Counsel, PDVSA).

III. DISCUSSION

Under the Federal Rules, a party seeking the issuance of a protective order relating to discovery must show good cause that such an order is needed to protect it from annoyance, embarrassment, oppression, or undue burden or expense. See Fed.R.Civ.P. 26(c). We find that defendants have failed to do so.

The law is clear in the Second Circuit that "a person claiming the attorney-client privilege has the burden of establishing all the essential elements thereof." von Bulow v. von Bulow, 811 F.2d 136, 146 (2d Cir.1987). The privilege arises under the following circumstances: "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived ..." United States v. Kovel, 296 F.2d 918, 921 (2d Cir.1961), quoted in United States v. Bein, 728 F.2d 107, 112 (1984). The burden of establishing these elements is not discharged by "mere conclusory or ipse dixit assertions." In re Bonanno, 344 F.2d 830, 833 (2d Cir.1965), quoted in von Bulow, 811 F.2d at 146.

*3 A party seeking a protective order precluding disclosure of certain communications with a former employee on grounds of attorney-client privilege has been found to have failed to carry its burden when it fails to identify any privileged information to which the former employee was privy. See Stratagem Dev. Corp. v. Heron Int'l N.V., 1992 WL 276844 at *9 (S.D.N.Y.1992); see also Polycast Tech. Corp. v. Uniroyal, Inc., 129 F.R.D. 621, 629 (S.D.N.Y.1990) (noting that if the party seeking a bar on ex parte communications with a former employee were to "come forward with evidence that privileged communications might be in jeopardy, a narrowly-tailored order might be appropriate," but denying the motion for a protective order, since the party had "failed to identify any specific privileged information to which [the former employee] was privy").

Defendants seek this protective order on the grounds that the individuals in question are likely to have been exposed to privileged or confidential information, or to have been privy to business proprietary information and/or trade secrets. However, we find that the circumstances of this case do not warrant the imposition of a bar on ex parte communications. As regards privileged material, we find that defendants' interests will be sufficiently protected by two stipulations made by plaintiff, in its response to defendants' motion. First, plaintiff has stipulated that all interviews will be conducted by attorneys, thus avoiding the hazard noted in G-I Holdings, where "[t]he danger of inadvertent disclosure is compounded by the fact that the investigators are themselves lay persons and, thus, are in little better position than the interviewees to assess whether privileged material is being disclosed." G-I Holdings, Inc. v. Baron & Budd, 199 F.R.D. 529, 535 (S.D.N.Y.2001). Second, plaintiff has stipulated that the questions will be targeted so as to avoid any discussion of privileged information. As regards confidential material, proprietary information and trade secrets, we agree with plaintiff that defendants' interests will be sufficiently protected by the confidentiality agreement signed by the parties subsequent to this court's order of October 30, 2003, regarding ex parte contacts.

IV. CONCLUSION

For the reasons stated above, defendants' motion is denied, and plaintiff may

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy  Page 4
(Cite as: 2003 WL 22990099 (S.D.N.Y.))

proceed to contact the former employees at issue. An order to this effect will be filed concurrently with this Memorandum Opinion and Order.
  SO ORDERED.

2003 WL 22990099 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works