Slip Copy
(Cite as: 2003 WL 22305148 (D.Conn.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

H. LEWIS PACKAGING, LLC, Plaintiff,
v.
SPECTRUM PLASTICS, INC., Defendant.

No. Civ. 3:02CV2259(PCD).

Aug. 10, 2003.

*RULINGS ON MOTION TO OVERRULE OBJECTIONS TO REQUESTS FOR PRODUCTION, MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS*

DORSEY, J.

*1 Plaintiff moves to overrule objections to requests for production, for a protective order regarding depositions [FN1] and to compel production of documents. For the reasons set forth herein, the motion to overrule objections is granted, the motion for a protective order is denied and the motion to compel is granted in part.

> FN1. Although entitled a motion for sanctions, there is no discussion in the memorandum of such a claim, nor would a claim for sanctions be expected in a motion for a protective order. The inclusion of the request for sanctions in the motion title therefore appears to be inadvertent.

I. MOTION TO OVERRULE OBJECTIONS TO REQUESTS FOR PRODUCTION

Plaintiff moves to compel responses to Requests for Production numbers 1 through 7. Each will be discussed in turn.

A. Standard

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ' *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir.1992) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir.1996).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

B. Discussion

Request for Production 1 seeks blanket agreements, blanket orders, purchase orders and release orders and contracts from companies identified in paragraph 11 of the complaint. Defendant responds with a summary of sales activities eligible for commission.

As alleged in the complaint, plaintiff served as a sales representative for defendant. In this representative capacity, plaintiff did not directly make sales but rather served as a referring agent facilitating direct orders between companies and defendant. In its complaint, plaintiff seeks commissions resulting from such sales. The production sought is limited to companies identified in the complaint and limited in time to a period also set forth in the allegations, see Compl. ¶ 8. Defendant interposes no objection but instead provides a summary of sales activities. As the response provided does not adequately address the production sought, defendant will produce the documents sought in Request number 1.

Request for Production number 2 seeks invoices from defendant to the same companies identified in Request for Production number 1. Defendant objects on grounds that the request is overly burdensome and serves only to harass because the documents sought are equally accessible to both parties. Notwithstanding the objection, defendant provides a summary of sales activities and indicates it will provide responsive documents at such time as the parties sign a confidentiality agreement. [FN2]

> FN2. Defendant frequently states that "[p]laintiff has failed to meet and confer with [defendant] in good faith regarding an agreed upon protective order." Although such agreements typically benefit both parties in the conduct of discovery, they are not mandatory. Defendant submits proposed orders by both parties, requesting that this Court "rule" on the more appropriate agreement. While the parties are entitled to rulings as to whether the discovery sought is impermissible, this Court will not dictate the substance of agreements governing other limitations imposed on production that may fall outside the protection of the Federal Rules of Civil Procedure. It is noted that no settlement/status conference has been held to date, and such would appear the appropriate setting in which to address the provisions of such an agreement. As such, the parties will be notified of their scheduled conference time.

*2 As the documents requested are relevant, it is of no significance that the documents are equally accessible to both parties or that defendant would be willing to produce the documents pursuant to a well-crafted confidentiality agreement. Rule 34(a) requires the party served with a request for production "to produce ... any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." [FN3] Neither objection constitutes more than an evasive answer to the request for objection, and as such is precluded by Fed. R. Civ. P. 37(a)(3). The objection is overruled.

> FN3. It is not clear why the invoices are equally accessible to both parties, but the fact that the documents may be equally accessible does itself not permit defendant to refuse the request.

Requests for Production numbers 3 and 4 seek all invoices and purchase orders originating from or directed to seven designated countries during the time period set forth in the complaint with regard to identified companies. Defendant objects

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

on grounds that the request is overly broad, irrelevant, not reasonably limited in time and seeks confidential information.

The material sought is relevant to plaintiff's claim for commissions due and is not otherwise objectionable. Defendant's allegation that the documents are "commercially sensitive" without further elaboration does not preclude production. [FN4] See In re Grand Jury Subpoena, 750 F.2d 223, 224 (2d Cir.1984) ("[i]t is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, ... a burden not discharged by mere conclusory or ipse dixit assertions" (internal quotation marks and citations omitted)). The objections are overruled.

> FN4. This Court will not speculate as to how defendant's characterization of the documents as "commercially sensitive" or "trade secrets" would preclude production of the documents sought. If defendant implies that the documents are trade secrets or of the nature of a trade secret, it may move for a protective order precluding production. See Fed. R. Civ. P. 26(c). At a minimum, defendant must establish to the satisfaction of this Court that the information sought falls within one of the narrow exceptions to the broad standard applicable to discovery requests.

Request for Production number 5 seeks invoices from Schwarz Paper Company dated from November 20, 2002 to July 2003 regarding Bed, Bath and Beyond. Defendant objects on grounds that the request is overly broad, irrelevant, not reasonably limited in time and seeks confidential information but provided a summary of sales activities and indicates it will produce responsive documents at such time as the parties sign a confidentiality agreement.

The discovery sought is directly relevant to plaintiff's claim for commissions as alleged in paragraphs 14 and 15 of the complaint. As such, defendant's objection is without merit and is overruled.

Request for Production number 6 seeks blanket orders or letters of commitment executed between November 19, 2002 and December 11, 2002 between Schwarz Paper Company and Bed, Bath and Beyond to defendant. Defendant objects on the grounds that the production sought is confidential and irrelevant but provides a summary of sales eligible for commissions.

As stated above, the production sought is relevant to the allegations in paragraphs 14 and 15 of the complaint. The objection is overruled.

Request for Production number 7 seeks defendant's invoices to the Diversified Distribution System (DSS) for the TJX Companies, Inc., TJ Maxx, TJ Maxx 'N' More, A.J. Wright, Marshalls, Mega-Marshalls and Puerto Rico from November 20, 2002 through May 2003. Defendant objected on grounds that the request is overly broad, not reasonably limited in time and seeks confidential information. Notwithstanding the objection, defendant provides a summary of sales activities and indicates it will provide responsive documents at such time as the parties sign a confidentiality agreement.

*3 As defendant does not respond to plaintiff's motion as to Request for Production number 7, and this Court would in any event be disinclined to sustain the objection to production on the stated grounds, the objections are overruled.

Plaintiff's motion is granted. Defendant shall produce all documents requested in Requests for Production number 1 through 7 within fourteen days of the date of this rulings.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

II. MOTION FOR A PROTECTIVE ORDER REGARDING DEPOSITIONS AND FOR SANCTIONS

Plaintiff moves for a protective order to ensure that "during ... defendant's noticed depositions of plaintiff's employees or officers ... they not be required to disclose any trade secret or other confidential or commercial information in connection with other businesses ... defendant has represented or is representing." [FN5]

> FN5. Plaintiff again attempts to have this Court impose what is characterized as a "Stipulation and Protective Order" in response to its motion for a protective order. The order effectively delegates to the parties the authority to designate documents confidential or under a claim of privilege. Should the parties choose to adopt such a procedure, they may appropriately do so, however the order lacks a sufficient degree of definiteness required for a protective order.

A protective order appropriately issues to prevent "injury, harassment or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir.1983); Fed. R. Civ. P. 26(c). "[T]he burden is upon the party seeking nondisclosure or a protective order to show good cause." *Penthouse Int'l v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir.1981); *In re Agent Orange*, 821 F.2d 139, 145 (2d Cir.1987).
> Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the ... test.
> *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

Plaintiff effectively asks this Court to order defendant to refrain from a line of questioning involving "trade secrets" or "confidential ... commercial information." Plaintiff specifically asks that "with regard to the nineteenth affirmative defense [involving a claim of fraud] enquiry should not be had at all or only on a limited basis." [FN6] A review of plaintiff's memorandum in support of its motion and reply in no way substantiates plaintiff's claimed entitlement to a protective order. Plaintiff must prove that the discovery sought would fall outside the range of permissible discovery. As such, a bare reference to "trade secrets" or "confidential commercial information" does not define the scope of the order requested, and this court will not presume what those terms mean or why such information is likely to be sought in the course of discovery. The terms are thus subjective, and this Court will not grant plaintiff *carte blanche* to determine what questions fall within the scope of the protective order. Absent any indication of what discovery would be precluded by the order sought and why disclosure of specific information would violate the broad rules of permissible discovery, a protective order will not issue.

> FN6. Plaintiff engages in substantial discussion as to defendant's nineteenth affirmative defense, indicating that defendant may engage in substantial discovery because the Federal Rules of Civil Procedure leave it "hamstrung to some extent" in its ability to attack an affirmative defense of fraud lacking sufficient particularity. First and foremost, a protective order does not address pleading sufficiency, thus is an inappropriate vehicle for such a claim. Additionally, plaintiff need look no further than the language of Rule 9(b), addressing "pleadings" and "averments," see Fed. R. Civ. P. 9, to see that there is no limitation imposed on a claim of fraud interposed through an

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Slip Copy
(Cite as: 2003 WL 22305148 (D.Conn.))

Page 5

affirmative defense.

III. MOTION TO COMPEL PRODUCTION OF DOCUMENTS

*4 Plaintiff moves to compel production by defendant of documents requested in its Second Request for Production from which it received no response. Defendant responds that there was a miscommunication as to the specific document to which it had failed to respond. It responded to the requests immediately when it realized that it had confused a request for production with responses to interrogatories and has since served its untimely responses.

The good faith discussion requirement provided in Local Rule 37(a)(2) obviates the need to address the present dispute at length. The goal is to "fully resolve the discovery issues," id., through such discussion, and the apparent miscommunication between the parties should have been resolved thereby. Responses were in fact served after such discussion. It is, however, apparent that defendant again withholds production premised on this Court adopting one of the two confidentiality agreements proposed by the parties. Such is not an appropriate objection to a production request. Defendant will therefore produce a complete response to the requests for production within fourteen days of the date of this order.

IV. CONCLUSION

Plaintiff's motion to overrule objections to requests for production (Doc. No. 24) is granted, plaintiff's motion for a protective order regarding depositions (Doc. No. 28-1 and 28-2) is denied and plaintiff's motion to compel production of documents (Doc. No. 32) is granted in part.

SO ORDERED.

2003 WL 22305148 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works