Not Reported in F.Supp.2d                                                Page 1
91 A.F.T.R.2d 2003-1430
(Cite as: 2003 WL 1874738 (D.Conn.))

H

United States District Court,
D. Connecticut.

SETH CO. INC., Plaintiff,
v.
UNITED STATES OF AMERICA (COMMISSIONER OF THE INTERNAL REVENUE SERVICE)
Defendant.

No. 3:01CV1584(PCD), 3:02CV1049(PCD).

March 3, 2003.

Kerry Marc Wisser, Richard P. Weinstein, Weinstein & Wisser, P.C., West Hartford,
CT, for Plaintiff.

Richard P. Weinstein, Weinstein & Wisser, P.C., West Hartford, CT, for
Consolidated Plaintiff.

Karin E. Wozniak, U.S. Department of Justice, Washington, DC, Patrick F. Caruso,
U.S. Attorney's Office, New Haven, CT, for Defendant.

*RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS
DUCES TECUM*

DORSEY, J.

**\*1** Plaintiff DDC moves for a protective order and to quash the subpoenas duces
tecum dated January 13, 2003, directed to Gary Pierce, Mary Catherine Pierce, Derek
Pierce, and C. David Weeks, arguing that these four individuals were previously
deposed in a separate action (*Seth Co. v. United States of America*, 3:01cv1584).
For the reasons set forth herein, Plaintiff's motion is denied.

I. Background

On September 6, 2002, this Court granted Plaintiff's motion to consolidate this
case with *Seth Co. v. United States of America*, 3:01cv1584. Before these actions
were consolidated and in relation to litigation concerning *Seth Co.*, the Government
deposed Mary Pierce (June 19, 2002), Derek Pierce (June 19, 2002), Gary Pierce
(June 20, 2002), and C. David Weeks (July 1, 2002). During the course of these
depositions, the Government questioned each witness about issues regarding DDC
Limited Partnership ("DDC"), in order to investigate whether Seth Co. was a
nominee, alter ego, or transferee of Gary Pierce.

On June 28, 2002, DDC filed its complaint against the United States. The U.S.
Department of Justice Tax Division received the complaint on July 3, 2002, after
the *Seth Co.* depositions had been taken. On July 24, 2002, DDC filed its amended
complaint. Defendant contends that the amendment raised factual issues not raised
by the original complaint, which was jurisdictionally defective. *Def. Response to
Pl. Mot. for Protective Order and Mot. to Quash Subpoenas Duces Tecum*, p. 2
(docketed February 21, 2003).

Plaintiff argues that the Government asked ample questions about DDC during the
*Seth Co.* depositions, and that any further depositions of these four witnesses
would constitute "annoyance, oppression, ... undue burden [and] expense" and would
be "harassment of a witness." *Pl. Mot. for Protective Order and Mot. To Quash
Subpoenas Duces Tecum*, p. 4 (January 22, 2003). Defendant argues that, at the time

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                Page 2
91 A.F.T.R.2d 2003-1430
(Cite as: 2003 WL 1874738 (D.Conn.))

of the *Seth Co.* depositions, there was no understanding or agreement that it would cover the issues raised by the *DDC* action (especially as Defendant was not aware of the *DDC* action until after the depositions, and as the amended complaint in the *DDC* action was not filed until after the *Seth Co.* depositions concluded). *Def. Response to Pl. Mot. for Protective Order and Mot. to Quash Subpoenas Duces Tecum*, p. 3 (docketed February 21, 2003). Defendant contends that it has not had an opportunity to depose these four witnesses with respect to the claims and defenses raised in the present *DDC* action. *Id.* According to Defendant, it asked the witnesses questions about DDC during the *Seth Co.* depositions to the extent that this was relevant to whether Seth Co. was a nominee, alter ego or transferee of Gary Pierce. *Id.* Defendant argues that it has not had a chance to depose these witnesses regarding the specific claims of the *DDC* action (whether DDC is a nominee, alter ego or transferee of Gary Pierce). *Id.*

II. Discussion

 *2 Federal Rule of Civil Procedure 26(c) requires that a party demonstrate "good cause" in order to obtain a protective order. "Where ... the [discovery is] relevant, the burden is upon the party seeking ... a protective order to show good cause." *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir.1981) (citation omitted); *see also* Fed. R. Civ. P. 26(c); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (burden is on moving party to show good cause). Rule 26(c), however, "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir.1983). Fed R. Civ. P. 45 provides that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. Rule 45(c)(1).

 Here, Plaintiff argues that allowing these depositions to go forward would impose an undue burden and oppress the deponents. Specifically, Plaintiff states that "it is *not* disputed that the government has already explored in considerable depth *all* aspects of the operation of DDC and its relationship to the various individuals and entities in issue." *Pl. Mot. for Protective Order and Mot. to Quash Subpoenas Duces Tecum*, p. 3 (January 22, 2003) (emphasis added). Plaintiff concludes that "further inquiry would be purely duplicative of prior document and deposition discovery." *Id.* Defendant's opposition brief indicates that, contrary to Plaintiff's argument, it *is* disputed that Defendant did not fully explore *all* aspects of DDC's operation and its relationship to these deponents. *Def. Response to Pl. Mot. for Protective Order and Mot. to Quash Subpoenas Duces Tecum*, p. 3 (docketed February 21, 2003). Defendant argues that it has not had a chance to depose these witnesses regarding the specific claims of the *DDC* action (whether DDC is a nominee, alter ego or transferee of Gary Pierce). *Id.* More specifically, Defendant indicates that it did not question Gary Pierce about specific loans and capital contributions allegedly made by his wife to DDC, and that it did not question him about specific loans made by DDC to Seth Co. *Id.* Furthermore, none of the *Seth Co.* deponents were questioned about DDC's account with Charles Schwab. *Id.* Therefore, Defendant has identified specific areas of inquiry that were not covered, or were not covered in sufficient depth (because Defendant did not have notice of the *DDC* action), regarding the *DDC* claim. Plaintiff concedes that "if the government could identify new areas of inquiry prompted as a result of any discovery in the DDC case or otherwise, one could certainly understand how the subpoena and proposed depositions ... would be proper and acceptable ." *Pl. Mot. for Protective Order and Mot. To Quash Subpoenas Duces Tecum*, p. 3 (January 22, 2003).

 *3 Furthermore, the cases cited by Plaintiff do not support Plaintiff's claim. For example, in *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, two

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                      Page 3
91 A.F.T.R.2d 2003-1430
**(Cite as: 2003 WL 1874738 (D.Conn.))**

separate plaintiffs from different states (Colorado and Florida) sued a company, alleging separate Title VII and Equal Pay Act actions. *197 F.3d 922, 924 (8th Cir.1999)*. Counsel for plaintiffs and defendant agreed beforehand that depositions taken in either of the cases could be used in either case. *Id.* A company official was deposed for two days in the Colorado case, and counsel for both plaintiffs were present. *Id.* Before the second day, the company's counsel requested the Florida counsel to ask any questions at the Colorado deposition. *Id.* After the second day, [the Florida plaintiff's] counsel stated he had no further questions and 'wanted to conclude the deposition in its entirety." ' *Id.* Later, when Florida plaintiffs served a subpoena on the same company official, the court quashed the subpoena, stating that plaintiffs had the opportunity to ask the questions they now sought to ask, but did not do so. *Id.* at 926. The present case is distinguishable, because Plaintiff and Defendant did not agree beforehand that this would be the sole opportunity to question the deponents about DDC. Here, the *DDC* action had just commenced around the time of the *Seth Co.* depositions, and DDC's amended complaint was not filed until after the depositions had concluded.

Plaintiff argues that liberal discovery does "not justify an examination which can serve no useful purpose in furthering the defendants cause other than to afford an opportunity to vex and harass an opposing litigant." *New Sanitary Towel Supply, Inc. v. Consolidated Laundries Corp., 24 F.R.D. 186, 189 (S.D.N.Y.1959)*. Plaintiff cites *Campbell v. American Fabrics Co.*, a case which involved multiple litigation between the same parties, but the *Campbell* court allowed second depositions of the same parties to the extent they were not duplicative of prior depositions. *3 F.R.D. 3, 4 (E.D.N.Y.1943)*.

Plaintiff has failed to show good cause why a protective order should be granted. Defendant does not seek these depositions to vex or harass the deponents, and has identified specific areas of inquiry which it did not cover (or did not cover in sufficient depth, as it did not know of the present *DDC* action) in the *Seth Co.* depositions.

III. Conclusion

Plaintiff's motion for a protective order and to quash the subpoenas duces tecum (Doc. No. 51) is denied.

SO ORDERED.

2003 WL 1874738 (D.Conn.), 91 A.F.T.R.2d 2003-1430

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works