IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS | : | Civil Action No. 303CV369 (DJS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UST INC. and MARK ULIASZ, | : | |
| | : | |
| Defendants. | : | February 13, 2004 |

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, UST Inc. ("UST") and Mark Uliasz ("Uliasz") (collectively "Defendants"), by their attorneys, Epstein Becker & Green, P.C., hereby answer the Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

Defendants deny that Plaintiff is entitled to any of the relief sought and further deny that any of their actions give rise to a violation of any federal or state law.

### PARTIES

1. Defendants admit that Plaintiff is Lynn Kanios. Defendants lack sufficient knowledge, information and/or belief to either admit or deny the remaining allegations contained in Paragraph 1.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit that Uliasz holds the title of Purchasing Manager and, at least for a period of time during her tenure, had supervisory responsibility for Plaintiff. Defendants deny the remaining allegations contained in Paragraph 3.

ST:27830v1

**JURISDICTION AND VENUE**

4. Defendants admit that this action purports to arise in part under the statutes cited; however, Defendants deny that Plaintiff has stated any cognizable claim under such statutes or that she is entitled to any of the relief sought. Defendants further admit that jurisdiction is conferred upon this Court by the statutes cited and by the exercise of pendent jurisdiction.

5. Defendants admit that Plaintiff filed charges of discrimination with the Connecticut Commission on Human Rights & Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). Defendants neither admit nor deny those allegations which refer to and/or relate to written documents which speak for themselves, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 5.

6. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations contained in Paragraph 6.

**STATEMENT OF FACTS**

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants neither admit nor deny those allegations which refer and/or relate to written documents which speak for themselves, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11, and note that Plaintiff began reporting to Uliasz in 1997.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants admit that UST maintains a written sexual harassment policy which includes a complaint procedure. To the extent that policy is a written document which speaks for itself, Defendants neither admit nor deny the allegations which refer and/or relate to its content, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 15.

16. Defendants admit that in late January 2001, one of Kanios' co-workers concluded that the issues regarding Uliasz' managerial style which Kanios relayed to her should be brought to management's attention. Defendants deny the remaining allegations contained in Paragraph 16.

17. Defendants admit that as part of the investigation initiated in response to the issues raised regarding Uliasz' managerial style, Ms. Nella Viesta met with Plaintiff on or about January 29, 2001. Defendants further admit that statements were made to Plaintiff about the Company's intent to undertake efforts to try and resolve the issues she was having with her supervisor. Defendants deny the remaining allegations contained in Paragraph 17.

18. To the extent the performance review referenced is a written document which speaks for itself, Defendants neither admit nor deny the allegations which refer and/or relate to it, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 18.

19. Defendants admit that Mr. Tim Howard and Uliasz met with Plaintiff on or about February 20, 2001. Defendants deny the remaining allegations contained in Paragraph 19.

20. Defendants admit that UST received a letter from Plaintiff's then counsel dated February 21, 2001. To the extent that letter is a written document which speaks for itself, Defendants neither admit nor deny the allegations regarding its content, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 20, including any inference or suggestion that any of the violations mentioned occurred.

21. Defendants admit that Mr. Tim Howard, Ms. Nella Viesta and Uliasz met with Plaintiff on or about February 27, 2001. Defendants deny the remaining allegations contained in Paragraph 21.

22. Defendants lack sufficient knowledge, information and/or belief to either admit or deny Plaintiff's use of medication. Defendants deny the remaining allegations contained in Paragraph 22.

23. Defendants admit that Plaintiff commenced a leave of absence on or about March 20, 2001. Defendants lack sufficient knowledge, information and/or belief to either admit or deny the allegations regarding any recommendations made by Dr. Hannifin and/or Dr. Trencher. Defendants deny the remaining allegations contained in Paragraph 23.

24. Defendants admit that UST received another letter from Plaintiff's then counsel dated March 21, 2001. To the extent that letter is a written document which speaks for itself, Defendants neither admit nor deny the allegations regarding its content, but rather leave Plaintiff to her proof thereon.

25. Defendants admit that by way of letter dated April 11, 2001, Plaintiff was advised of her termination. To the extent that the termination letter is a written document which speaks for itself, Defendants neither admit nor deny the allegations regarding its content, but rather

leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 25.

26. Defendants admit that Plaintiff's employment with UST was terminated as a result of performance related concerns. To the extent that the termination letter referenced is a written document which speaks for itself, Defendants neither admit nor deny the allegations regarding its content, but rather leave Plaintiff to her proof thereon. Defendants deny the remaining allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

## FIRST COUNT

28. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 as if fully set forth herein.

29. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 29, but rather leave Plaintiff to her proof thereon.

30. Defendants admit the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

## SECOND COUNT

35. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 as if fully set forth herein.

36. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 37, but rather leave Plaintiff to her proof thereon.

37. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 37, but rather leave Plaintiff to her proof thereon.

38. Defendants admit the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

## THIRD COUNT

43. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 34 as if fully set forth herein.

44. Defendants admit that Plaintiff's then counsel advised UST of his conclusions regarding the treatment to which Plaintiff was allegedly subjected. Defendants deny the remaining allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

## FOURTH COUNT

48. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 and 35 through 42 as if fully set forth herein.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

## FIFTH COUNT

51. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 and 35 through 42 as if fully set forth herein.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

## SIXTH COUNT

55. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 as if fully set forth herein.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

## SEVENTH COUNT

58. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 as if fully set forth herein.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

## EIGHTH COUNT

61. Defendants hereby reallege and incorporate by reference their answers to Paragraphs 1 through 27 as if fully set forth herein.

62. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 62, but rather leave Plaintiff to her proof thereon.

63. Upon information and belief, Defendants admit the allegations contained in Paragraph 63.

64. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 64, but rather leave Plaintiff to her proof thereon.

65. Defendants admit the allegations contained in Paragraph 65.

66. To the extent they call for a legal conclusion for which no responsive pleading is required, Defendants neither admit nor deny the allegations contained in Paragraph 66, but rather leave Plaintiff to her proof thereon.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

Defendants further deny that Plaintiff is entitled to any of the relief sought in her Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

### **AFFIRMATIVE DEFENSES TO COUNT ONE**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to sufficiently exhaust her administrative remedies.

3. All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

4.   All or part of Plaintiff's claims are barred in whole or in part by her failure to utilize the complaint procedures established by Defendant.

5.   Plaintiff has failed to sufficiently mitigate her damages.

6.   The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory and non-retaliatory business considerations.

### AFFIRMATIVE DEFENSES TO COUNT TWO

1.   Plaintiff has failed to state a claim upon which relief can be granted.

2.   Plaintiff has failed to sufficiently exhaust her administrative remedies.

3.   All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

4.   All or part of Plaintiff's claims are barred in whole or in part by her failure to utilize the complaint procedures established by Defendant.

5.   Plaintiff has failed to sufficiently mitigate her damages.

6.   The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory and non-retaliatory business considerations.

### AFFIRMATIVE DEFENSES TO COUNT THREE

1.   Plaintiff has failed to state a claim upon which relief can be granted.

2.   Plaintiff has failed to sufficiently exhaust her administrative remedies.

3.   All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

4.   All or part of Plaintiff's claims are barred in whole or in part by her failure to utilize the complaint procedures established by Defendant.

5.   Plaintiff has failed to sufficiently mitigate her damages.

6. The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory and non-retaliatory business considerations.

### AFFIRMATIVE DEFENSES TO COUNT FOUR

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to sufficiently exhaust her administrative remedies.

3. All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

4. All or part of Plaintiff's claims are barred in whole or in part by her failure to utilize the complaint procedures established by Defendant.

5. Plaintiff has failed to sufficiently mitigate her damages.

6. The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory and non-retaliatory business considerations.

### AFFIRMATIVE DEFENSES TO COUNT FIVE

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

3. The decisions made and actions taken about which Plaintiff complains were based solely on legitimate, non-discriminatory and non-retaliatory business considerations.

### AFFIRMATIVE DEFENSES TO COUNT SIX

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

3. All or part of Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Workers' Compensation Act, Conn. Gen. Stat. § 31-275, et seq.

4. All or part of Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence in that, among other things, Plaintiff failed to utilize the complaint procedures established by Defendant.

### AFFIRMATIVE DEFENSES TO COUNT SEVEN

1. Even if any representations were made, which Defendants have denied, they were statements of opinion and not of fact.

2. Even if any representations were made, which Defendants have denied, Defendants' conduct was justified.

3. Even if any representations were made, which Defendants have denied, Plaintiff did not rely on such representations.

4. Even if any representations were made, which Defendants have denied, and Plaintiff relied on such representations, such reliance was not reasonable.

### AFFIRMATIVE DEFENSES TO COUNT EIGHT

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. All or part of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

3. The decisions made and actions taken about which Plaintiff complains were based solely on legitimate business considerations.

4. Plaintiff did not qualify for leave under the Family Medical Leave Act.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants,
UST INC. and MARK ULIASZ

By:_____
Mary A. Gambardella
Federal Bar No. ct05386
One Landmark Square, Suite 1800
Stamford, CT  06901-2601
(203) 348-3737

– and –

Steven J. Younes, Esq.
Federal Bar No. ct12408
One Landmark Square, Suite 1800
Stamford, CT  06901-2681
(203) 348-3737

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing *Answer and Affirmative Defenses* was sent via first class mail, postage prepaid, this 13th day of February, 2004 to counsel of record for the plaintiff as follows:

> Scott R. Lucas, Esq.
> Martin, Lucas & Chioffi, LLP
> 1177 Summer Street
> Stamford, CT  06905

_____
Steven J. Younes