# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYNN B. KANIOS, | : | CIVIL ACTION NO. |
| | : | 303 CV 369 (DJS) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| UST, INC. and MARK ULIASZ, | : | |
| | : | MARCH 16, 2004 |
| Defendants. | : | |

### PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Lynn B. Kanios requests that defendants UST, Inc. and Mark Uliasz answer the following interrogatories in accordance with said Rules and the following instructions.

### I. INSTRUCTIONS

A.      These interrogatories seek answers as of the date of response to the full extent provided in the Federal Rules of Civil Procedure, Rule 33.  Furthermore, these interrogatories are of a continuing nature, and you are required to file and serve supplemental responses if you obtain further or different information after the date of your initial answer and before the conclusion of the trial on the merits of this action.

B.      If you object to, or otherwise decline to respond to any portion of an interrogatory, provide all information called for by that portion of an interrogatory to which you do not object or which you do not decline to answer.  If you object to an interrogatory on the ground that it is too broad (i.e., that it calls for information, some of which may lead to the discovery of admissible evidence in the action and some of which may not), provide such information which is concededly

proper. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any interrogatory to which you object or otherwise decline to answer, state the reason for your response.

C.    If you claim that any of the information requested below is privileged or otherwise protected from discovery, you shall nonetheless provide the following information:

1.    The person asserting the privilege/protection claim;

2.    The nature of the privilege/protection claim;

3.    The identity of person(s) having knowledge of the information sought;

4.    A description of any responsive documents by type of document, general subject matter of the document, date of the document, author, recipient, number of pages and such other information as is sufficient to identify the document for a subpoena duces tecum and demonstrate the factual basis for the claim of privilege or other basis for protection from discovery; and

5.    To the extent not provided in response to C2 and C4 above, the factual and legal basis for the privileged claim or specific statutory authority which provides the basis for the nonresponse.

D.    If you can fully and completely respond to an interrogatory by producing documents, then identify those specific documents which provide the response for the given interrogatory and label each document so produced with the number and subpart of the interrogatory to which it responds.

## *II. DEFINITIONS*

A.      ***Communication.*** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.      ***Document.*** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

C.      ***Identify (With Respect To Persons).*** When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.      ***Identify (With Respect To Documents).*** When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

E.      ***Parties.*** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

F.      ***Person.*** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

G.      ***Concerning.*** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3

H.      *All/Each.*  The terms "all" and "each" shall both be construed as all and each.

I.      *And/Or.*  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

J.      *Number.*  The use of the singular form of any word includes the plural, and vice versa.

K.      **You/Your/Yours**. "You," "your," and "yours" shall mean the defendants and all their agents or other persons acting on their behalf.

***INTERROGATORIES***

1.      State the factual basis for each affirmative defense to Count Eight stated in defendants' First Amended Answer and Affirmative Defenses dated February 13, 2004.

*ANSWER:*

4

By_____

Scott R. Lucas (ct00517)
Michel Bayonne (ct24628)
*Attorneys for Plaintiff Lynn B. Kanios*
MARTIN, LUCAS & CHIOFFI, LLP
1177 Summer Street
Stamford, CT 06905
Phone: (203) 324-4200
Fax: (203) 324-8649
slucas@mlc-law.com
mbayonne@mlc-law.com

5

## *CERTIFICATE OF SERVICE*

This is to certify that on this 16th day of March, 2004, a copy of the foregoing was mailed, first class, postage prepaid, to:


Steven J. Younes, Esq.
Mary A. Gambardella, Esq.
Epstein Becker & Green, P.C.
One Landmark Square Suite 1800
Stamford, CT 06901-2681
Phone: (203) 348-3737


Michel Bayonne