## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LYNN B. KANIOS** | : | **Civil Action No.  303CV369 (DJS)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UST INC. and MARK ULIASZ,** | : | |
| | : | |
| **Defendants.** | : | **May 21, 2004** |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56, the Defendants, UST Inc. ("UST" or the "Company") and Mark Uliasz  (or collectively "Defendants"), hereby respectfully request that this Court enter Summary Judgment as to each and every cause of action contained in the Complaint of the Plaintiff, Lynn Kanios.       As established herein, and in the Memorandum of Law submitted in support hereof, Defendants' Motion should be granted as to all causes of action based on the pleadings, deposition testimony and documents presented, because the record unequivocally establishes the absence of any genuine, disputed issues of material fact, warranting the entry of summary judgment.

More specifically, the Defendants contend as follows:

This action was brought by Plaintiff, Lynn Kanios, a former employee of Defendant UST.  In the Amended Complaint dated January 14, 2004 (the operative Complaint), Kanios alleges as follows: (1) in the First Count against UST, discrimination based on sex (gender) in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000, *et seq.* ("Title VII"); (2) in the Second Count against UST, discrimination based on sex (gender) in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1), *et seq.* ("CFEPA"); (3) in the Third Count against UST, retaliation in violation of Title VII; (4) in the Fourth Count against UST, retaliation in violation of the

CFEPA; (5) in the Fifth Count against Defendant Uliasz, aiding and abetting in violation of the CFEPA; (6) in the Sixth Count against both Defendants, negligent infliction of emotional distress; (7) in the Seventh Count against UST, negligent misrepresentation; and (8) in the Eighth Count against UST, violation of the federal Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), *et seq*. ("FMLA").

As to the First and Second Counts for hostile environment gender-based harassment under federal and state law, respectively, even if Kanios' allegations are taken as true, the purported conduct by Uliasz did not rise to the level of actionable discrimination or gender-based harassment within the scope of either Title VII or the CFEPA.  Indeed, the behavior of which she complained was neither related to gender, nor otherwise was sufficiently severe or pervasive to rise to the level of an actionable claim for gender-based harassment.

As to the Third and Fourth Counts for retaliation under federal and state law, respectively, even if Kanios' allegations are taken as true, she did not engage in "protected activity" <u>known to Howard or Uliasz</u>, the primary decision-makers with respect to the termination of her employment, when that decision was made. Thus, the prima facie requirement that she establish a causal connection between the alleged protected activity and the termination decision has not been satisfied, and therefore, Kanios cannot sustain a claim of retaliation under either Title VII or the CFEPA.   Even assuming she can meet her burden of proving these elements of the prima facie case, UST can articulate legitimate, non-retaliatory business reasons for the termination decision, and Kanios cannot proffer sufficient evidence of pretext to override those articulated, undisputed business reasons.

As to the Fifth Count, Uliasz cannot be held to have "aided and abetted" a discriminatory practice as a matter of law; Uliasz is the accused "discriminator," and therefore, cannot be an "aider or abetter".

As to the Sixth Count, Kanios cannot sustain a claim of negligent infliction of emotional distress, as the required showing that defendant should have realized its conduct during the termination

process involved an unreasonable risk of causing severe distress, which might result in illness or bodily harm, is absent.

As to the Seventh Count, Kanios cannot establish that she relied on any representation made to her by anyone at UST that was false when made, or which anyone should have known was false when made, in connection with her taking a leave of absence.

Finally, as to the Eighth Count, Kanios cannot maintain a claim under the FMLA because: (i) by the time she commenced her last leave of absence, her rights had already been exhausted; (ii) in any event, the remainder of her leave entitlement was exhausted by the time of her termination; or (iii) in the alternative, she did not fulfill the other requirements of the statute such as continued certification of a serious illness and that she be able to return to her employment at the time of the expiration of her leave entitlement.

**WHEREFORE**, for the foregoing reasons, along with those reasons set forth in the Memorandum of Law, supporting Affidavits and Exhibits thereto, the Statement of Undisputed Facts, and the proceedings herein, the Defendants respectfully request that this Motion be granted, along with such other and further relief as this Court may deem just, equitable and proper.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants

By: _____
    Mary A. Gambardella, Esq.
    Federal Bar No. ct05386
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2681
    (203) 348-3737

        - and –

    Steven J. Younes, Esq.
    Federal Bar No. ct12408
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2681
    (203) 348-3737

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing *of Defendants' Motion for Summary Judgment* was served, regular mail, postage prepaid, this 21st day of May 2004 to:

> Scott Lucas, Esq.
> Martin, Lucas & Chioffi, LLP
> 177 Broad Street
> Stamford, CT  06901

_____
Mary A. Gambardella